WINN *v.* STATE OF INDIANA.

[No. 28,845. Filed April 17, 1953.]

*James C. Cooper,* Public Defender of Indiana, *Richard M. Givan,* Deputy Public Defender, *Harold P. Fiely,* former Deputy Public Defender, for appellant.

*J. Emmett McManamon,* Attorney General, *William T. McClain,* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

EMMERT, C. J.—This is an appeal from an order denying appellant's petition for writ of error *coram nobis.* The assignment of error here is that the order is contrary to law, as authorized by Rule 2-40.[1]

At the hearing the appellant testified in his own behalf and introduced his verified petition and the court's record of the proceedings had at the time of arraignment pursuant to Rule 1-11. Three witnesses testified on behalf of the state. The state also introduced a written statement made by appellant to the authorities at the Indiana State Prison, and a written confession given to the police officers of LaPorte. We are not concerned with the question of appellant's guilt as charged in the affidavit, since his petition for the writ charges he was denied his constitutional right to counsel under Section 13 of Article I of the Indiana Constitution,[2] as well as under· the due process clause of the Fourteenth Amendment. "The safeguards erected by the Constitution are intended to protect the rights of all citizens alike. They protect the rights of the guilty as well as those of the innocent." *Batchelor* v. *State* (1920), 189 Ind. 69, 84, 125 N. E. 773. See also *Beard* v. *State* (1949), 227 Ind. 717, 723, 88 N. E. 2d 769.[3]

1. Rule 2-40, as amended effective December 20, 1952, now requires a finding and judgment.

2. "In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor." Section 13, Article I, Constitution of Indiana.

3. "Constitutional safeguards for the protection of all who are charged with offenses are not to be disregarded in order to

"Upon review of the evidence we do not weigh conflicting evidence nor determine the credibility of witnesses, but uncontradicted statements of fact in ▮ ▮ behalf of the petitioners will be taken as true. *Sanders* v. *State* (1882), 85 Ind. 318, 44 Am. St. Rep. 29; *Myers* v. *State* (1888), 115 Ind. 554, 18 N. E. 42; *Dobosky* v. *State* (1915), 183 Ind. 488, 109 N. E. 742; *Batchelor* v. *State* (1920), 189 Ind. 69, 125 N. E. 773; *Bielich* v. *State* (1920), 189 Ind. 127, 126 N. E. 220; *Cassidy* v. *State* (1929), 201 Ind. 311, 168 N. E. 18; *Kuhn* v. *State* (1944), 222 Ind. 179, 52 N. E. 2d 491; *Beard* v. *State* (1949), 227 Ind. 717, 88 N. E. 2d 769. Upon the undisputed facts it becomes our duty to apply the law to the facts. *Atkinson* v. *State* (1920), 190 Ind. 1, 128 N. E. 433; *Vonderschmidt* v. *State* (1948), 226 Ind. 439, 81 N. E. 2d 782. Our practice in this respect is in accord with the federal rule. *Powell* v. *Alabama* (1932), 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527; *White* v. *Ragen* (1945), 324 U. S. 760, 65 S. Ct. 978, 89 L. Ed. 1348; *Tomkins* v. *Missouri* (1945), 323 U. S. 485, 65 S. Ct. 370, 89 L. Ed. 407; *Williams* v. *Kaiser* (1945), 323 U. S. 471, 65 S. Ct. 363, 89 L. Ed. 398; *Hawk* v. *Olson* (1945), 326 U. S. 271, 66 S. Ct. 116, 90 L. Ed. 61; *Watts* v. *Indiana* (1949), 338 U. S. 49, 69 S. Ct. 1347, 93 L. Ed. 1801." *Abraham* v. *State* (1950), 228 Ind. 179, 181, 182, 91 N. E. 2d 358.

On June 9, 1945, the state filed an affidavit against the appellant charging him with inflicting injury with a dangerous instrument while engaged in the commission of robbery, pursuant to §10-4101, Burns' 1942 Replacement. Appellant was apprehended in Ohio, and

inflict merited punishment on some who are guilty. *Ex parte Milligan, supra,* 119, 132; *Tumey* v. *Ohio,* 273 U. S. 510, 535; *Hill* v. *Texas,* 316 U. S. 400, 406." Chief Justice Stone in *Ex parte Quirin* (1942), 317 U. S. 1, 25, 63 S. Ct. 2, 9, 87 L. Ed. 3, 11.

thereafter was held in the LaPorte County jail pending his arraignment. He was in jail eleven days before arraignment. Appellant requested the jailer to furnish him with letter paper so he could write his sister in Marion, Ohio, and inform her of his arrest, but he was not given any stationery and was unable to communicate with her. He asked the jailer to call or permit him to call Arthur L. Roule, an attorney in LaPorte, so he could confer with him, but this request was refused. Appellant had no money, means or credit with which to employ counsel. The material part of the proceedings had at the time of arraignment, as evidenced by the record made pursuant to Rule 1-11, is as follows:

"Mr. DeMyer: This affidavit reads as follows: (H. I.)

This affidavit charges you with inflicting injury in the commission of robbery.

"JUDGE OSBORN: Q. Your name is Ralph Winn?
A. Yes, sir.
Q. You have heard the reading of the affidavit, do you understand it?
A. Yes, sir.
Q. Are you prepared at this time to enter a plea?
A. Yes, sir.
Q. Has any promise been made to you, or has any threat been made to you to induce you to plead?
A. No, sir.
Q. You understand this charge, if you are guilty, carries with it a penitentiary sentence, do you?
A. Yes, sir.
Q. Do you have an attorney?
A. No, sir.
Q. Do you want one?
A. No, sir.
Q. How do you plead to this charge, guilty or not guilty?
A. Guilty, sir."

Appellant was twenty-nine years of age at the time of sentence. He had spent eleven years in grade school

and finished the eighth grade. He had worked as a farmer, in shops, as a sailor on the Great Lakes, as a civilian Coast Guard, and as a track man for the Baltimore & Ohio Railroad Co. He had never been arrested before. Appellant said he did not request counsel at the time of arraignment because, as he said, "I didn't have any money to hire an attorney."

It will be noted that the court did not inform appellant that the affidavit included the charge of robbery, grand larceny, and petit larceny, nor did the court inform him of any of his rights included in Section 13 of Article I of the Indiana Constitution. Appellant had the right to advice of competent counsel at every stage of the proceeding against him. *Dearing* v. *State* (1951), 229 Ind. 131, 138, 95 N. E. 2d 832, and authorities therein cited. In this case we stated it to be the law that "Both this court and the United States Supreme Court have consistently held that, there can be no valid judgment against a defendant in a criminal case unless he has been offered, and, if so desired, provided with adequate counsel. *Knox County Council* v. *State ex rel. McCormick* (1940), 217 Ind. 493, 510, 29 N. E. 2d 405; *Johnson* v. *Zerbst* (1938), 304 U. S. 458, 468, 82 L. Ed. 1461, 1468. The court erred in failing to advise appellant, on his arraignment, that he was entitled to have competent counsel represent him at public expense if he was without money, means or credit to pay for it himself." (Pages 139, 140.)

Within a few weeks after the decision in the *Dearing* case, *supra,* we again upheld the right of an accused to competent counsel at public expense if necessary, in *Campbell* v. *State* (1951), 229 Ind. 198, 203, 204, 96 N. E. 2d 876, as follows:

"There is no showing whatever that the judge of the court at any time told appellant that he had a right to have a lawyer; or that the judge inquired whether appellant had means with which to employ a lawyer, or informed appellant that the court would appoint a lawyer for him at public expense if he had no means to employ one; or that he directed any officer of the court to call a lawyer to consult with appellant. Under this state of facts appellant cannot be held to have waived his right to have counsel. *Batchelor* v. *State* (1920), 189 Ind. 69, 77, 78, *supra*. Under the repeated decisions of this court and the United States Supreme Court this constitutes a denial of a constitutional right and violates the 'due process' clause of the United States Constitution—Amendment 14, §1, and the 'due course of law' clause of the Indiana Constitution, Art. 1, §§12 and 13. *Powell* v. *Alabama* (1932), 287 U. S. 45, 53, 77 L. Ed. 158, 162; *Batchelor* v. *State* (1920), 189 Ind. 69, 76, 125 N. E. 773, 775, *supra; Suter* v. *State* (1949), 227 Ind. 648, 657, 88 N. E. 2d 386; *Vonderschmidt* v. *State* (1948), 226 Ind. 439, 442, 81 N. E. 2d 782; *Dearing* v. *State* (1951), 229 Ind. 131, 95 N. E. 2d 832, 835, *supra; Todd* v. *State* (1948), 226 Ind. 496, 508, 81 N. E. 2d 530, 81 N. E. 2d 784, 786, 82 N. E. 2d 407."

See also *Adams* v. *State* (1951), 230 Ind. 53, 101 N. E. 2d 424.

Under the above authorities it is quite obvious appellant was denied his right to representation by counsel both under the Indiana Constitution and the due process clause of the Fourteenth Amendment. It is not necessary to consider other issues attempted to be presented by the petition for the writ.

The order denying the petition is reversed with instructions to the trial court to permit the appellant to withdraw his plea of guilty to the affidavit.

Draper, J., concurs in result.

NOTE.—Reported in 111 N. E. 2d 653.