SPEIGHT *v.* STATE OF INDIANA.

[No. 29,680. Filed January 29, 1959.]

*L. C. Holland* and *Max Cohen,* both of Gary, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Assistant Attorney General, for appellee.

JACKSON, J.—On January 20, 1958, appellant was convicted in the Lake Juvenile Court of the crime of contributing to the delinquency of a minor, and sentenced to serve a term of one hundred eighty (180) days in the Indiana Women's Prison and fined in the sum of Five Hundred Dollars ($500). From a judgment denying a motion for a new trial this appeal is taken.

Appellant contends that she was deprived of a fair trial in said cause for the reasons following:

"That said charge was not read to her. That she had never seen the affidavit and did not know its content. That it was never explained to her that she could be committed to jail for six months and fined $500.00. She was without representation; that she had no friend or relative or other person in court for her, and that much of the evidence was entirely hear-say against her."

An affidavit charging appellant with contributing to the delinquency of a minor was filed in Lake Juvenile Court on January 6, 1958. A summons was issued upon appellant and served upon her by leaving a true copy thereof at her last and usual place of residence on the 9th day of January, 1958, returnable January 22, 1958. See: Acts 1945, ch. 356, §9, p. 1724, being §9-3209, Burns' 1956 Replacement.

Appellant's uncontradicted affidavit, marked Exhibit 1, attached to her motion for a new trial, alleges that on January 18, 1958, she received a letter from some person in the Juvenile Court requesting her to come to Juvenile Court on January 20, 1958, 9:00 A. M., concerning matters that the court wanted to talk over with her. That she appeared at the court in response to said letter and some officer of the court, whose name she did not know, talked to her about the case. She was then immediately taken before a referee, Nathan Glover, to answer to the charge embodied in the affidavit.

There was no arraignment of the appellant; she was not at any time during the proceedings in the Lake Juvenile Court represented by counsel, nor was she advised of her constitutional right to have counsel at every step in the proceedings, and she was not advised that if she had no means to employ counsel that such counsel would be furnished at public expense. *Batchelor* v. *State* (1920), 189 Ind. 69, 76, 125 N. E. 773; *Harshman* v. *State* (1953), 232 Ind. 618, 621, 115 N. E. 2d 501; *Bolkovac* v. *State* (1951), 229 Ind. 294, 306, 98 N. E. 2d 250; *Winn* v. *State* (1953), 232 Ind. 70, 74, 75, 111 N. E. 2d 653; *Campbell* v. *State* (1951), 229 Ind. 198, 203, 96 N. E. 2d 876.

The Constitution of Indiana, Art. 1, §13, guarantees a defendant charged with crime "the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; to be heard by himself and counsel, . . ."

It is clearly apparent from the undisputed record in this case, that appellant was deprived of her constitutional rights to a fair trial, and for this reason the judgment of the Lake Juvenile Court must be reversed.

Other questions presented by appellant's brief are not apt to be raised on a retrial and they are not here decided.

Judgment reversed with instructions to grant appellant's motion for a new trial.

Landis, C. J., Achor, Arterburn and Bobbitt, JJ., concur.

NOTE.—Reported in 155 N. E. 2d 752.