GOFF *v*. STATE OF INDIANA.

[No. 29,784.  Filed January 25, 1960.]

*Charles W. Edwards,* of Spencer, *Armstrong, Gause, Hudson & Kightlinger, Aribert L. Young* and *Saul I. Rabb,* all of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* Assistant Attorney General, and *John A. Pushor,* Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from a judgment of the Owen Circuit Court, sentencing the appellant to the Indiana State Prison for a period of not less than two nor more than twenty-one years on an affidavit charging appellant with the offense of manslaughter.

The facts disclosed by the record show that on or about the 11th day of January, 1959, appellant, while driving an automobile was in a collision with another automobile owned by one Curtis Hoaks, such collision resulting in the death of Patricia Hoaks. On January 12, 1959, appellant was charged by affidavit with the commission of a felony, in three counts, count one charging reckless homicide by operating a motor vehicle upon a public highway in Owen County in the State of Indiana with reckless disregard for the safety of others by driving into the property of Curtis Hoaks thereby causing the death of Patricia Hoaks; count two charging reckless homicide by driving a motor vehicle upon a public highway in Owen County, Indiana, while under the influence of intoxicating liquor and to the left of the center line of the public highway into the property of Curtis Hoaks, thereby causing the death of Patricia Hoaks; count three charging involuntary manslaughter by driving a motor vehicle upon a public highway in Owen County, Indiana, while under the influence of intoxicating liquor and striking an automobile in which Patricia Hoaks was riding and thereby feloniously, but involuntarily, inflicting a mortal wound upon said Patricial Hoaks of which she died on the 11th day of January, 1959.

The record further discloses that appellant was placed in jail on January 11, 1959; the warrant was not issued on the affidavit until January 12, 1959; that on January 12, 1959, appellant, without benefit of counsel, was arraigned and entered a plea of guilty, and the court

found him guilty of involuntary manslaughter as charged in count three of the affidavit, deferring sentencing until January 15, 1959, and ordering the Sheriff and State Police to make an investigation into the "criminal history and personal circumstances" of the appellant. On January 15, 1959, counsel for appellant entered an appearance for him and immediately orally requested leave and moved the court to withdraw appellant's plea of guilty, which motion the court overruled. The court then found the appellant to be forty-five years of age, heard and saw evidence of the presentencing investigation and sentenced the appellant to the Indiana State Prison for an indeterminate term of not less than two nor more than twenty-one years. On the next day, January 16, 1959, appellant filed his verified written motion to vacate the judgment entered the previous day, and for leave to withdraw his plea of guilty, a copy of which was served on the Prosecuting Attorney by mail. Such motion, omitting the formal parts thereof, signature and jurat reads as follows:

"1. The defendant is not guilty of the crimes charged.

"2. The defendant's constitutional rights were violated by his not being allowed to advise with counsel prior to entering his plea of guilty and the failure of the Court in not advising the defendant of his right to have pauper counsel.

"3. The defendant did not advise with counsel prior to entering his plea of guilty.

"4. The defendant was arrested and confined January 11, 1959, following an accident. The defendant was arraigned on January 12, 1959. During the period of confinement the defendant was not given medical treatment and at the time of arraignment the defendant was dazed and consequently the defendant had no understanding of the nature and the consequences of his plea.

"5. The defendant conferred with no one prior to entering his plea of guilty herein.

"6. This motion is made at the first opportunity after defendant's having the opportunity to consult with counsel. Such consultation taking place approximately fifteen (15) minutes before the time of sentencing.

"7. The defendant further moves the Court for a hearing and an opportunity to present evidence on this Motion to Vacate Judgment and for Leave to Withdraw the Plea of Guilty."

The court then overruled and denied appellant's written and verified motion to vacate judgment and for leave to withdraw plea of guilty.

Thereafter appellant perfected his appeal to this court. Appellant's assignment of errors contains thirteen grounds. In the interest of brevity, and in view of the fact that the State of Indiana in its answer brief admits that appellant's grounds seven and eight appear to uphold appellant's contentions we will confine our consideration of the appeal to those two grounds.

The seventh ground assigned as error reads as follows:

"7. The Court erred in refusing to grant Appellant a hearing and an opportunity to present evidence on Appellant's written and verified motion to vacate judgment and for leave to withdraw plea of guilty to the affidavit."

The appellant before sentence, orally moved to withdraw his plea of guilty and after sentencing filed a verified written motion to withdraw the plea of guilty. Where it can be reasonably construed that when the plea of guilty was entered the appellant was ignorant of a plain constitutional right, of which he would have taken advantage had he been properly advised, then the appellant should be allowed

to withdraw the plea of guilty and enter a plea of not guilty. *Atkinson* v. *State* (1920), 190 Ind. 1, 7, 128 N. E. 433.

Where an accused having entered a plea of guilty on being arraigned, subsequently desires to withdraw the plea, the proper method is by a verified motion and service on the Prosecuting Attorney. The above procedure was followed in this case. Where there is an abuse of discretion, the court, on appeal, will review the ruling even where the application for leave to withdraw the plea is made after judgment. A verified plea, uncontroverted, that the guilty plea was not made understandingly or freely, should be granted. "No harm could have resulted to society or to the State by permitting a withdrawal by appellant of the plea of guilty and to allow him to plead not guilty. . . ." *Dobosky* v. *State* (1915), 183 Ind. 488, 492, 109 N. E. 742.

In the instant case the appellant filed his verified motion to set aside the plea of guilty entered before he had employed counsel, and requested a hearing and opportunity to present evidence on such motion, the motion was denied by the court without hearing and without counter affidavits having been filed by the State. The trial court's refusal to hear appellant's verified motion was in violation of appellant's constitutional rights. *Adams* v. *State* (1951), 230 Ind. 53, 101 N. E. 2d 424, *Ketring* v. *State* (1936), 209 Ind. 618, 200 N. E. 212.

Specification number eight of appellant's assignment of error reads as follows:

"8. The Court erred in overruling Appellant's written and verified motion to vacate judgment and for leave to withdraw plea of guilty to the affidavit."

It is clear from the record that the court in refusing to hear appellant's motion to withdraw his plea of guilty, and from the failure of the state to file counter affidavits or offer evidence in rebuttal of the facts stated in such motion, abused its discretion, and deprived the appellant of his constitutional rights and of due process. See: *Batchelor* v. *State* (1920), 189 Ind. 69, 125 N. E. 773; *Hoy* v. *State* (1947), 225 Ind. 428, 435, 75 N. E. 2d 915; *Bradley* v. *State* (1949), 227 Ind. 131, 136, 137, 84 N. E. 2d 580; *State* v. *Minton* (1955), 234 Ind. 578, 581, 130 N. E. 2d 226; *Cassidy* v. *State* (1929), 201 Ind. 311, 319, 168 N. E. 18, 66 A. L. R. 622; *Campbell* v. *State* (1951), 229 Ind. 198, 203, 204, 96 N. E. 2d 876; *Rhodes* v. *State* (1927), 199 Ind. 183, 194, 156 N. E. 389; *Winn* v. *State* (1953), 232 Ind. 70, 74, 111 N. E. 2d 653; *Abraham* v. *State* (1950), 228 Ind. 179, 91 N. E. 2d 358; *Harshman* v. *State* (1953), 232 Ind. 618, 115 N. E. 2d 501.

The right to counsel is not limited to representation during the trial only. The accused must be accorded the benefits of counsel at all stages of the proceedings, and before as well as during the trial. *Batchelor* v. *State, supra; Hoy* v. *State, supra.* Arraignment is a crucial step in the course of criminal procedure. It is at this juncture in the proceedings that the accused hears the formal charge which is lodged against him and he is called upon to enter his plea. He must decide whether he has in fact committed the offense with which he is charged, in the manner that he is charged with having committed said offense and with the necessary intent. If so, he is guilty, if not he is not guilty and should so plead. The initial determination of whether or not one is legally "guilty" of a particular crime beyond a reasonable doubt should be made by competent counsel who should

examine the formal charge and weigh the facts relative thereto in order to properly advise the defendant as to the nature of his plea. Only with benefit of skilled representation can a defendant appear for arraignment and intelligently enter his plea. "It is as important to have counsel at all steps of the proceeding, where an accused must decide whether or not to plead guilty as it is to have a lawyer when an accused stands trial." *State* v. *Lindsey* (1952), 231 Ind. 126, 133, 106 N. E. 2d 230; *State* v. *Carrol* (1952), 231 Ind. 126, 133, 106 N. E. 2d 230. Only in this manner is the true spirit of the constitutional guarantee served.

In view of the decision we must reach in this case, and the fact that the other errors assigned will probably not occur in a new trial, we have not considered such other errors.

The judgment of the court below is reversed, with instructions to grant appellant's motion for leave to withdraw his plea of guilty and permit him to enter a plea of not guilty and for further action in conformity to this opinion.

Arterburn, C. J., and Bobbitt, J., concur.

Landis, J., concurs in result.

Achor, J., not participating because of illness.

NOTE.—Reported in 163 N. E. 2d 888.