ROBERT ANTHONY *v.* STATE OF INDIANA.

[No. 3-775A140. Filed June 1, 1976.]

*Rex L. Reed, Rasor, Harris, Lemon & Reed,* of Warsaw, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

STATON, P.J.—The sole issue presented by this appeal is whether the trial court abused its discretion in overruling Anthony's motion to withdraw his plea of guilty to theft of property having a value of less than $100.00. On appeal, Anthony contends that his plea was not voluntarily, knowingly and intelligently entered because of his emotional and physical state at the time his guilty plea was entered. We affirm.

On May 3, 1974, Anthony entered a plea of not guilty to first degree burglary and a plea of guilty to theft of property having a value of less than $100.00. The State then moved to dismiss the burglary charge, and the trial court granted the State's motion to dismiss. Before the trial court accepted Anthony's plea of guilty to theft, the trial court fully advised Anthony of the nature of the charges against him, of his con-

stitutional rights and the consequences of a plea of guilty in compliance with IC 1971, 35-4.1-1-3 (Burns Code Ed.). At his arraignment, Anthony stated that his mind was free and clear, that he was not under the influence of any intoxication, and that he was not under duress. In regard to Anthony's mental and physical state at the arraignment, the trial court questioned Anthony as follows:

"THE COURT: Now, for purposes of knowing how you are today, I'd like to know if you've taken any intoxicating liquors or narcotic drugs or medicines or other substances into your system in the last day or two that may be affecting your thinking at this time?

"DEFENDANT: No.

"THE COURT: In other words, is your mind free and clear?

"DEFENDANT: Yes, Sir, except I'm just a little upset.

"THE COURT: Well, I don't blame you for being a little upset. But, you are thinking all right today, are you?

"DEFENDANT: Yes.

"THE COURT: Your mind's clear at least? Do you understand these proceedings?

"DEFENDANT: Yes, Sir.

"THE COURT: What you're saying is you are nervous about the matter?

"DEFENDANT: (nods yes.)

"THE COURT: But do you have an understanding of what's going on?

"DEFENDANT: Yes, Sir.

"THE COURT: Do you understand what we have been talking about?

"DEFENDANT: Yes.

"THE COURT: If you should enter a plea here, would it be made of your free will?

"DEFENDANT: Yes, Sir, it would."

Before sentencing, Anthony filed a verified motion to withdraw his guilty plea pursuant to IC 1971, 35-4.1-1-6(b)

(Burns Code Ed.). Only Anthony's testimony was presented at a subsequent hearing on the motion to withdraw the guilty plea. Anthony testified that at the time he entered his guilty plea to theft he was fightened and nervous because he was worried about the effect of his arrest on his parent's health. Anthony had been in jail for two days prior to his arraignment, and he testified that he did not sleep during those two days in jail and that he ate very little. Anthony also testified that he had been taking amphetamines for four years and that it was his opinion that he was somewhat under the influence of drugs at the time he entered his guilty plea. However, Anthony admitted that he remembered being advised of his Constitutional rights and admitted that he understood his rights at the time of his arraignment.

It is well established that the withdrawal of a guilty plea is within the sound discretion of the trial court and the trial court's ruling on a motion to withdraw a guilty plea will not be disturbed on appeal unless there is a clear showing that the trial court abused its discretion. *Thacker* v. *State* (1970), 254 Ind. 665, 262 N.E.2d 189; *Griffith* v. *State* (1975), 163 Ind. App. 11, 321 N.E.2d 576; *Haver* v. *State* (1974), 162 Ind. App. 93, 317 N.E.2d 884.

In the case at bar, we cannot say that the trial court abused its discretion in overruling Anthony's motion to withdraw his guilty plea. Anthony's testimony at the hearing on his motion to withdraw his guilty plea regarding his mental and physical state is in direct conflict with his testimony at arraignment.

On appeal, we cannot weigh conflicting evidence nor determine the credibility of witnesses. *Griffith* v. *State, supra.* The trial court had the opportunity to judge the appearance and demeanor of Anthony as well as his verbal responses at both the arraignment and the hearing on the motion to withdraw guilty plea. Anthony is merely asking this Court to believe his testimony at the subsequent hearing on the motion to

withdraw guilty plea rather than his testimony at the time of his arraignment. This we may not do. It was for the trial court to resolve this conflict in Anthony's testimony.

Anthony contends on appeal that the trial court was required to grant his motion to withdraw guilty plea under *Goff* v. *State* (1960), 240 Ind. 267, 163 N.E.2d 888. In *Goff* v. *State, supra,* 240 Ind. at 272, 163 N.E.2d at 890, the Supreme Court of Indiana stated: ". . . A verified plea, uncontroverted, that the guilty plea was not made understandingly or freely, should be granted." In the case at bar, unlike *Goff* v. *State,* the record of Anthony's arraignment directly controverts Anthony's contention that his guilty plea was not voluntarily, knowingly and intelligently entered. Additionally, Anthony admitted at the hearing on his motion to withdraw his guilty plea that he had understood his rights at the time of his arraignment. Anthony has failed to show an abuse of discretion by the trial court in overruling his motion to withdraw his guilty plea.

Anthony attempted to withdraw his guilty plea pursuant to IC 1971, 35-4.1-1-6(b) (Burns Code Ed.) which provides:

> "(b) After entry of a plea of guilty but before imposition of sentence, upon motion of the defendant the court may in its discretion allow the defendant to withdraw his plea of guilty for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty made pursuant to this subsection shall be in writing and verified. The motion shall state the facts in support of the relief demanded and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. Provided, however, the court shall allow the defendant to withdraw his plea of guilty whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice as defined in subsection (c) of this section."

Anthony additionally contends on appeal that because the State did not show by its counter-affidavit or at the hearing

on the motion to withdraw guilty plea that it would be substantially prejudiced by reliance upon the defendant's plea; therefore, the trial court was required to grant the motion to withdraw guilty plea. This contention is without merit. IC 1971, 35-4.1-1-6 (b) makes the grant of a motion to withdraw guilty plea after entry of the guilty plea but before sentencing completely discretionary with the trial court unless the defendant shows by a preponderance of the evidence that withdrawal of the plea is necessary to correct a manifest injustice as defined under subsection (c) of IC 1971, 35-4.1-1-6 or unless the State demonstrates that it has been substantially prejudiced by reliance upon the defendant's plea. The State's showing of substantial prejudice is a limitation upon the trial court's discretion not a condition precedent to the exercise of that discretion. IC 1971, 35-4.1-1-6 (b) does not require the State to show that it has been substantially prejudiced by reliance upon the defendant's plea before the trial court has any discretion in making its determination upon the motion to withdraw guilty plea. By its express language, the statute allows the trial court to exercise its discretion in granting defendant's motion to withdraw guilty plea until such time as the State shows that it has been substantially prejudiced by reliance upon the defendant's plea.

We conclude that the trial court did not abuse its discretion in overruling Anthony's motion to withdraw his guilty plea. Therefore, the judgment of the trial court should be and the same hereby is affirmed.

Hoffman, J., concurs.

Lowdermilk, J., (sitting by designation) concurs.

Note.—Reported at 348 N.E.2d 60.