Allen G. RADER, a/k/a Allen Hunter,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–279A39.

Court of Appeals of Indiana,
Fourth District.

Aug. 7, 1979.

---

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, Indianapolis, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

CHIPMAN, Presiding Judge.

Allen G. Rader, a/k/a, Allen Hunter, appeals from an adverse ruling on his Petition for Post-Conviction Relief. Rader contends it was error to refuse to set aside his 1948 finding of guilty because he was indigent at the time of his arraignment and guilty plea, and the trial court failed to advise him of his right to appointment of counsel.

We agree and reverse.

## FACTS

Rader was charged on November 12, 1948, with vehicle taking. He was arraigned six days later and pled guilty as charged. The only record of Rader's arraignment proceeding still available states simply:

Comes now the State of Indiana, by Porter B. Williamson, Prosecuting Attorney in and for the 54th Judicial Circuit of the State of Indiana; also come the defendants Allen Hunter and Gene Davis in person, in custody and enter their personal appearance in this cause.

And said defendants being arraigned on the affidavit filed herein and being required to plead thereto, say that they are guilty as charged. And the Judge upon said pleas finds that said defendants

are each guilty as charged in said affidavit, Namely: Vehicle Taking.[1]

Rader's sentence was initially suspended; however, on November 4, 1949, this suspension was revoked. The record of the revocation hearing states:

Comes now Sheriff of Kosciusko County, Indiana, Ray R. Henderson, and brings into court Allen Hunter, the defendant in said cause, and represents to the court that the defendant has violated the terms of his probation imposed in the above entitled cause; that he has indulged in the use of whiskey and intoxicants; that he has failed to make his report to the Probation Officers as provided in said judgment; that he was adjudged guilty of a charge in the Warsaw City Court of the charge of disorderly conduct; that he enlisted in the United States Army and has been guilty of being absent without leave on three occasions.

The court now revokes the suspension of the sentence hereinbefore imposed in this cause and orders him committed to the Indiana State Reformatory to serve out the balance of his sentence; and that said defendant's age is 21 years.

■ We note that Rader's case has not become moot simply because his sentence has been served. *See Sibron v. New York*, (1968) 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917.

An erroneous judgment against him [a criminal defendant] is an injury per se, from which the law will intend he is or will be damnified by its continuing against him unreversed.

*State ex rel. Lopez v. Killigrew*, (1931) 202 Ind. 397, 174 N.E. 808. We will, therefore, address the issues raised by Rader's appeal.

### ISSUE

Rader presents us with the following dispositive issue:

Did the trial court err in denying his Petition for Post-Conviction Relief after it found that Rader was not provided with an attorney, even though he was indigent, and was not advised of his right to have counsel appointed.

Rader contends his conviction and sentence were in violation of the state and federal constitutions because the trial court failed to advise him of his right to have an attorney appointed at public expense.

■ The State has accepted the proposition that Rader was not advised of his right to counsel;[2] its sole contention is that even though the court failed to advise Rader of this right, the law, as it then existed, did not require the trial court to so advise Rader. We think it is important to call attention to the fact that twenty-eight years, nine months, and twenty-eight days had elapsed between Rader's plea and the filing of his Petition for Post-Conviction Relief, yet there was no allegation by the local prosecuting attorney who first answered Rader's petition or by the Attorney General's Office that the alleged error has been waived.

1. The Honorable Gene B. Lee, present Judge of the Kosciusko Circuit Court and prosecuting attorney at the time Rader's probation was revoked, signed an affidavit that the practice of the court at the time Rader was arraigned was *not* to advise defendants of either their right to representation or that counsel would be provided at public expense.

2. Even though a complete transcript of Rader's arraignment is no longer available, the inability to now obtain such a transcript in order to know whether Rader was, in fact, not advised of his right to counsel, has not been raised by the State, which has chosen, instead, to blindly accept this allegation.

We would merely note that while it was the duty of the trial court to follow Rule 1–11 (now Criminal Rule 10) and ensure that the arraignment and guilty plea proceedings were recorded in order to preserve a complete record, *Campbell v. State*, (1951) 229 Ind. 198, 96 N.E.2d 876, we would *not* impose upon the courts the duty to store to perpetuity transcripts of each and every proceeding in case a post-conviction action is initiated decades later. This post-conviction proceeding was brought more than a quarter century after Rader's guilty plea, and the affidavit of the court clerk indicates the shorthand notes of Rader's arraignment are no longer available; therefore, it was not possible to provide a transcript of those proceedings. The inability to now obtain a complete record has not, however, been raised by the State which has elected to address only the merits.

 Although a showing of diligence is not a prerequisite to relief under Post-Conviction Rule 1, the mere filing for relief will not insulate a petitioner from an inquiry into whether there has been a waiver of issues raised by the petition. In fact, a waiver may ultimately be dispositive of a P.C. 1 petition for relief; however, the burden is not upon the petitioner to first establish that no waiver has occurred. *Langley; Richardson v. State*, (1971) 256 Ind. 199, 267 N.E.2d 538. It is the State's responsibility to inquire whether a petitioner's lack of diligence in presenting a question has caused the alleged error to be waived. When the defense of waiver is raised, "a petitioner must then present some substantial basis or circumstance which would satisfactorily mitigate his failure to pursue or perfect a remedy through the normal channels." *Frazier v. State*, (1975) 263 Ind. 614, 335 N.E.2d 623, 624. Where the State chooses, as in this case, to only meet the allegations on their merits, we are constrained to do likewise on appeal. *Frazier v. State*, 335 N.E.2d 623; *Langley; Richardson v. State*, 267 N.E.2d 538.

## DECISION

 CONCLUSION—After the trial court found that Rader was indigent at the time of entering his guilty plea and that he was not advised that counsel would be appointed for him at public expense if he so desired, it was erroneous to deny Rader's Petition for Post-Conviction Relief.

We are not concerned with the question of Rader's guilt or innocence, but rather, with whether or not he was denied his constitutional rights.

The safeguards erected by the Constitution are intended to protect the rights of all citizens alike. They protect the rights of the guilty as well as those of the innocent.

*Winn v. State*, (1953) 232 Ind. 70, 111 N.E.2d 653, 654. It is the duty of this court, as well as the trial courts, to stand watch as sentinels to ensure that criminal defendants are not improperly denied their constitutional rights.

 Arraignment is a crucial step in the course of criminal proceedings since it is at this juncture that the accused hears the formal charge and is called upon to enter his plea. An accused should be accorded the benefit of counsel at this stage of the proceedings as well as at trial. *Goff v. State*, (1960) 240 Ind. 267, 163 N.E.2d 888. After reviewing the record of Rader's arraignment and guilty plea as well as the affidavits filed herein, the trial court, in ruling upon Rader's petition, made the following findings of fact:

3. The defendant was indigent at the time of entering his plea.

4. The defendant did not have counsel of his own, was not provided counsel by the Court, nor advised that counsel would be provided at no expense to defendant if he requested same.

. . . . .

7. At the revocation hearing, defendant was not represented by counsel of his own, nor was counsel appointed for him, nor was counsel offered him.

The above court findings and the record of the guilty plea proceedings inescapably demonstrate that Rader was not informed of his right to have a lawyer and to have the court appoint a lawyer at public expense if Rader had no means to employ one. Contrary to the State's position, this did not comply with the applicable Indiana law at the time of Rader's arraignment and guilty plea.

 Indiana courts have historically interpreted the right to counsel, as granted in our state constitution, Ind.Const. art. 1, § 13, to require that a criminal defendant be advised of his right to counsel and to have counsel appointed at public expense. As an essential element of a fair hearing, we "must strictly enforce a policy requiring trial court judges to inquire into the background and experience of an accused and inform him of his right to counsel before accepting a plea." Note, *The Indigent Defendant In the State Criminal Proceeding: Betts v. Brady is Interred*, 38 Ind.L.J. 623, 630.

In *Campbell v. State*, (1951) 229 Ind. 198, 96 N.E.2d 876, the appellant challenged his 1948 guilty plea upon allegations similar to those now advanced by Rader. In addressing these allegations our Supreme Court stated:

There is no showing whatever that the judge of the court at any time told appellant that he had a right to have a lawyer; or that the judge inquired whether appellant had means with which to employ a lawyer, or informed appellant that the court would appoint a lawyer for him at public expense if he had no means to employ one; or that he directed any officer of the court to call a lawyer to consult with appellant. Under this state of facts appellant cannot be held to have waived his right to have counsel. (citations omitted) Under the repeated decisions of this court and the United States Supreme Court this constitutes a denial of a constitutional right and violates the 'due process' clause of the United States Constitution—Amendment 14, § 1 and the 'due course of law' clause of the Indiana Constitution, Art. 1, §§ 12 and 13.

. . . . .

When the constitutional requirements for 'due process' or 'due course of law' are denied or ignored all proceedings in the case thereafter are clearly void.

*Campbell v. State*, (1951) 229 Ind. 198, 96 N.E.2d 876, 878. Thus, the law in Indiana at the time of Rader's arraignment clearly placed an affirmative duty on the trial court to inform Rader of his right to counsel before accepting his plea. *Winn v. State*, (1953) 232 Ind. 70, 111 N.E.2d 653; *Campbell v. State*, (1951) 229 Ind. 198, 96 N.E.2d 876; *Chandler v. State*, (1949) 226 Ind. 648, 83 N.E.2d 189, *overruled on other grounds*, Ind., 199 N.E.2d 469; *Wilson v. State*, (1943) 222 Ind. 63, 51 N.E.2d 848. There was, therefore, no valid judgment against Rader.[3]

Having been constrained to reach only the merits of Rader's allegations, we reverse with instructions to the trial court to find for the petitioner, to permit him to withdraw his guilty plea, and for further proceedings consistent with this opinion.

MILLER, J., concurs.

YOUNG, J., concurs in result with opinion.

YOUNG, Judge, concurring.

I concur in the result. The outcome of this case was foreclosed at the trial court level by the failure of the State to allege petitioner's lack of due diligence. The State had the burden to cast this defense in issue. At the appellate level we are not at liberty to rectify the matter and to rewrite the State's pleadings. The Supreme Court directed us to this result in *Langley v. State*, (1971) 256 Ind. 199, 267 N.E.2d 538, 542–43 & n. 2.

Nonetheless, the outcome of this case does not necessarily carry far-reaching consequences. The lesson to be learned by the State is an easy one. In future cases such as this the State no doubt will not be so remiss as to neglect to assert the appropriate defenses.

Finally, I am not comfortable with the majority's resort to *Sibron v. New York*, (1968) 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917, to introduce the role which mootness might play in this analysis. *Sibron* was decided upon a direct appeal of a conviction. The element of mootness would naturally play a lesser role where the conviction is under direct attack. The case at hand is one for post-conviction relief and thus is not a direct attack. The element of mootness is displaced by the presence or absence of petitioner's due diligence. A second and a related distinction is that the Court in *Sibron* was not called upon to pass on the question of laches or due diligence. I would read *Sibron* to leave open the possibility

---

3. We note that Indiana courts guaranteed the constitutional safeguards recognized by the United States Supreme Court in *Gideon v. Wainwright*, (1963) 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, decades before *Gideon*; there-

fore, we need not discuss the effect of the retroactivity of *Gideon, see Loper v. Beto*, (1972) 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374; *Kitchens v. Smith*, (1971) 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519, upon our decision.

that in a case for post-conviction relief where the sentence has been served, the petitioner should be required to allege that he is suffering a "collateral legal consequence" on account of the challenged conviction. "[A] criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Id.,* 392 U.S. at 57, 88 S.Ct. at 1900.

With these observations I concur in the result.