**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| E. RODNEY LEWIS BLAIR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1311-CR-432 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1212-FA-28

**June 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

E. Rodney Lewis Blair ("Blair") appeals the trial court's denial of his motion to withdraw his guilty plea to Class B felony dealing in cocaine.[1]

We affirm.

## ISSUE

Whether the trial court abused its discretion by denying Blair's motion to withdraw his guilty plea pursuant to INDIANA CODE § 35-35-1-4(b).

## FACTS

On December 16, 2012, Blair was operating a motor vehicle that did not have an operable license plate light. Officer D. Walker ("Officer Walker") of the Gary Police Department stopped Blair's vehicle. During the traffic stop, the officer discovered that Blair had a suspended driver's license and that he was in possession of thirty-eight small baggies of cocaine and $647.46 in cash.

On December 18, 2012, the State charged Blair with Count I, Class A felony dealing in cocaine (based on possession with intent to deliver) and Count II, Class C felony possession of cocaine. On January 9, 2013, the State filed an amended information to include the following four traffic violation charges: Count III, Class A misdemeanor driving while suspended; Count IV, Class C infraction improper or no tail or plate light; Count V, Class C infraction failure to carry registration; and Count VI, Class C infraction failure to signal for turn or lane change.

---

[1] IND. CODE § 35-48-4-1.

2

On August 21, 2013, Blair signed a plea agreement and a stipulated factual basis. In the stipulated factual basis, Blair admitted that he "possess[ed] with intent to deliver cocaine." (App. 43). Pursuant to the plea agreement, Blair agreed to plead guilty to a lesser charge of Class B felony dealing in cocaine in exchange for the State's dismissal of the remaining charges. The plea agreement called for Blair to "be sentenced to eighteen (18) years in the Department of Correction." (App. 41). That same day, the State again amended its charging information to include Count VII, Class B felony dealing in cocaine. The language of the Class B felony dealing mistakenly alleged that Blair "deliver[ed]" cocaine instead of alleging that Blair possessed cocaine with the intent to deliver. (App. 44).

Also on August 21, 2013, the trial court held a guilty plea hearing. At the beginning of the guilty plea hearing, the trial court pointed out that Count VII, the Class B felony dealing in cocaine charge, contained language alleging "delivery" when the language should have alleged possession with intent to deliver. (Tr. 3). The State acknowledged that the trial court was correct and that the State had misstated Count VII's charging language. The State then made it clear to the trial court and Blair that it would amend the language in Count VII to reflect possession with intent to deliver. (App. 44).

The trial court decided to proceed with the guilty plea hearing only after clarifying to Blair that the charging language was erroneous but that the State would correct it. Thereafter, the trial court informed Blair of his constitutional rights and also determined that: (1) Blair understood the charges against him and the sentence in the plea agreement, (2) Blair's plea was freely and voluntarily made; and (3) there was a factual basis for the

plea. Specifically, the trial court asked Blair if the court's articulation of the plea agreement was the same as Blair's understanding of the plea agreement, and Blair answered, "Yes." (Tr. 4). Following that, the trial court asked Blair if he wanted to proceed with the plea agreement, and Blair answered, "Yes." (Tr. 4). Towards the end of the guilty plea hearing, the trial court asked Blair how he wanted to plead to Count VII, Class B felony dealing in cocaine, and Blair answered, "Guilty." (Tr. 13). The trial court asked Blair and his defense counsel if they had any issues with the language in the stipulated factual basis, and all answered no. The trial court took Blair's guilty plea under advisement and scheduled a sentencing hearing. Prior to the end of the guilty plea hearing, the State notified the trial court that it had already prepared an amendment to Count VII that included the possession with intent to deliver language. That same day, the State filed the amended charging information.

On October 9, 2013, the trial court held a scheduled acceptance of plea and sentencing hearing. During this hearing, Blair verbally indicated to the trial court that he wanted to withdraw his guilty plea. The trial court informed Blair that he would need to file a written motion to withdraw his guilty plea, and the parties agreed to have a hearing on the status of the motion to withdraw on October 30, 2013.

On October 24, 2013, Blair filed a verified motion to withdraw his guilty plea. In Blair's motion, he argued that the trial court should allow him to withdraw his guilty plea because, in Count VII, the State used the incorrect language of actual delivery opposed to the correct language of possession with intent to deliver. Blair acknowledged that the State had corrected the charging information language. However, Blair asserted that he wanted

4

to withdraw his guilty plea for three reasons: (1) because the State's correction of the language in the charging information occurred after he pled guilty; (2) because the stipulated factual basis did not support the State's charge that he delivered cocaine; and (3) because "[a]s a general rule, the withdrawal of a guilty plea before sentencing should be freely allowed whenever it appears fair or just, and motions made within a few days of the initial pleading should be favorably considered." (App. 38).

On October 30, 2013, the trial court held a hearing on Blair's motion and iterated that the issue of incorrect language was raised at the guilty plea hearing, that Blair was aware that the State had corrected the original charge language, and that Blair knew he was pleading guilty to the State's corrected Count VII, Class B felony dealing in cocaine based on possession with intent to deliver. (Tr. 26). The trial court then denied Blair's motion to withdraw his guilty plea and sentenced Blair according to the terms of plea agreement, to eighteen (18) years in the Department of Correction. Blair now appeals.

<u>DECISION</u>

Blair argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea. INDIANA CODE § 35-35-1-4(b) governs motions to withdraw guilty pleas. After a plea of guilty but before sentencing, a trial court "may" grant a motion to withdraw a guilty plea for "any fair or just reason." I.C. § 35-35-1-4(b). Conversely, the trial court must grant a motion to withdraw a guilty plea to correct a "manifest injustice" *Id*. Additionally, the trial court must deny a motion to withdraw a guilty plea when the State would be "substantially prejudiced." *Id*. *See also Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995). " 'Manifest injustice' and 'substantial prejudice' are necessarily imprecise

5

standards, and an appellant seeking to overturn a trial court's decision face[s] a high hurdle under the current statute and its predecessors." *Id.*

The trial court's decision regarding a motion to withdraw a guilty plea is reviewed for abuse of discretion. I.C. § 35-35-1-4(b). One who appeals a trial court's adverse decision on a motion to withdraw must prove that the trial court abused its discretion by a preponderance of the evidence. *Smallwood v. State*, 773 N.E.2d 259, 264 (2002). On appeal, the trial court's ruling on a motion to withdraw a guilty plea arrives in our Court with a presumption in favor of the ruling. *Coomer*, 652 N.E.2d at 62. In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered "freely and knowingly." *Id.*

Blair does not argue that there was a "manifest injustice" that required the trial court to grant his motion to withdraw his plea. Instead, Blair argues that it would have been "fair and just" to permit him to withdraw his guilty plea. (Blair's Br. 7). Specifically, Blair contends that the trial court should have granted his motion because the State did not amend the charging information until he pled guilty and because the stipulated factual basis did not support the information that existed at the time of his plea, which alleged that he delivered cocaine.[2] We disagree.

---

[2] Blair also contends that the trial court should have granted his motion to withdraw his guilty plea because the State did not assert that it was substantially prejudiced. Blair, however, has not shown that there was a fair and just reason for the trial court to grant his motion. Thus, we need not review this argument. *See Anthony v. State*, 169 Ind. App. 314, 317-18, 348 N.E.2d 60, 63 (1976) (explaining that "[t]he State's showing of substantial prejudice is a limitation upon the trial court's discretion not a condition precedent to the exercise of that discretion").

6

Blair cannot demonstrate that the trial court's denial of his motion to withdraw his guilty plea was an abuse of discretion because he did not show a fair and just reason for the trial court to grant his motion to withdraw his guilty plea. As revealed in the colloquy between the trial court and Blair during the guilty plea hearing, the trial court pointed out that the State would correct the language of the charging information to reflect possession with intent to deliver as set forth in his plea agreement and stipulated factual basis; verified that he understood the charge against him and the sentence in the plea agreement; and ensured that Blair was admitting to the facts as contained in the stipulated factual basis:

> [The Court:] Mr. Blair, the Amended Information is wrong. It shows that you delivered cocaine when in reality it should say that you possessed with intent to deliver, and the State is going to change that . . . . This plea calls for you to plead guilty to that dealing in cocaine or narcotic drug, a B felony, and be sentenced to eighteen (18) years in the Department of Correction and the State would dismiss the remaining counts. Is that your understanding of the Agreement?
>
> [Blair:] Yes
>
> [The Court:] Is that how you want to proceed today?
>
> [Blair:] Yes
>
>                 * * * * *
>
> [The Court:] Mr. Blair, are you pleading guilty freely and voluntarily?
>
> [Blair:] Yes.
>
>                 * * * * *
>
> [The Court:] How do you wish to plead to Count VII in the Amended Information, dealing in cocaine or a narcotic drug?
>
> [Blair:] Guilty.
>
> [The Court:] Attached to this plea is a Stipulated Factual Basis . . . Did you read this document before you signed it?
>
> [Blair:] Yes.

7

[The Court:]. . . Is this stipulated factual basis correct?

[Blair:] Yes.

* * * * *

[The Court:] Alright, again sir, did you plead guilty freely and voluntarily?

[Blair:] Yes.

(Tr. 4, 13, 14).

The trial court reviewed this dialogue with Blair when it considered Blair's motion to withdraw his guilty plea. Blair's answers to the trial court's questions contradict his assertion that he believed that he was signing a plea agreement with the wrong charge against him. Additionally, the stipulated factual basis that Blair signed did not misinform him of the charge against him nor of the facts used to corroborate the State's charge against him. We note that the trial court made it clear to Blair that the State charged him with possession with intent to deliver cocaine and that there was an accurate factual basis for the State's charge of possession with intent to deliver. Blair did not overcome the presumption in favor of the trial court's ruling. Accordingly, we affirm the trial court's denial of Blair's motion to withdraw his guilty plea.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.