## LAMICK *v.* STATE OF INDIANA.

[No. 24,786. Filed April 1, 1925.]

1. CRIMINAL LAW.—*Withdrawal of plea of guilty is within discretion of trial court.*—The withdrawal of a plea of guilty voluntarily, made upon an affidavit charging a felony, is addressed to the sound discretion of the trial court, and unless such discretion is abused the Supreme Court will not interfere with its exercise. p. 74.

2. CRIMINAL LAW.—*Application for leave to withdraw plea of guilty must show meritorious defense.*—An application by defendant for leave to withdraw a plea of guilty after sentence, which states that he entered such plea in the belief that he would receive a light jail sentence, but does not state that such belief was induced by the judge or the deputy prosecuting attorney, and does not show that he had a good and meritorious defense to the charge, is not a sufficient showing of abuse of discretion of the court in denying the application. p. 75.

From Lake Criminal Court; *Martin J. Smith,* Judge.

Nick Lamick was convicted of possession of a still and he appeals. *Affirmed.*

*Hoy D. Davis* and *August A. Bremer,* for the appellant.

*U. S. Lesh,* Attorney-General, and *George A. Matlack,* for the State.

GEMMILL, J.—This is an appeal from the Lake Criminal Court where appellant was prosecuted upon an affidavit in which he was charged with the unlawful possession of a still and distilling apparatus for the manufacture of intoxicating liquor. On May 2, 1924, he appeared in court, and by his counsel waived arraignment and pleaded guilty. The court rendered judgment

on his plea and sentenced him to imprisonment in the state prison for not less than one year nor more than five years.

Thereafter, on May 23, 1924, appellant by other counsel, filed a motion supported by his affidavit, asking that the judgment of conviction upon his plea of guilty be set aside, that he be permitted to withdraw his plea of guilty and enter a plea of not guilty. The prosecuting attorney of Lake county appeared in opposition to appellant's motion and filed three counter affidavits. The court overruled appellant's motion and such action is assigned as error upon appeal, same being stated by appellant in three separate assignments, as follows: "(1) The court erred in refusing to grant the prayer of the appellant in his motion supported by affidavit to set aside the judgment of conviction of the appellant on his plea of guilty, and that he be permitted to enter a plea of not guilty. (2) The court erred in refusing to set aside the judgment of conviction. (3) The court erred in overruling appellant's motion supported by affidavit for permission to withdraw his plea of guilty."

The affidavit of appellant in support of his motion states that he is a Servian by birth and is not familiar with the English language, and that no one, either the court or the attorney who represented him, ever at any time informed him that under the bill of rights guaranteed by the Constitution of the State of Indiana, he had the right of trial by jury, and that by reason of the fact that he had not been furnished with an interpreter to explain to him his rights, he was thereby deprived of his rights to have a jury trial, that he was led to believe and it was represented to him by his attorney that he would receive only a slight sentence of from one to six months, that he was not informed of the seriousness of the charge against him, that he had never been in court before, did not know the true meaning

and result of pleading guilty and only did so believing that his sentence would be a light jail sentence of one to six months.

The counter affidavit of James A. Sweeney shows that he had been in the practice of law for fourteen years, that he appeared in the Lake Criminal Court on May 2, 1924, as attorney for Nick Lamick, having been employed by him and his brother-in-law, whom he had previously represented in said court; that he obtained the release of the defendant from jail, that he explained to the defendant and his brother-in-law the seriousness of the offense with which the former stood charged, that he had several consultations with defendant and conversed with him in the English language, that no necessity for an interpreter appeared and none was requested or brought, that he went to defendant's home where the defendant pointed out to him the scene of his illegal operations, that affiant explained to him the law concerning the offense with which he stood charged and the penalty prescribed for same, that he explained to him his right to a trial by jury and that they conferred concerning the advisability of same, that defendant did not wish a jury trial for the reason that he felt he would be found guilty and could not then appeal to the court for leniency, that defendant hoped to get a suspended sentence, and instructed his attorney to enter a plea of guilty, well knowing that the court must pass sentence of one to five years imprisonment; and that after sentence was passed defendant attempted to employ him to take an appeal to the Supreme Court for the sole purpose of delay, and that he refused to accept such employment.

The counter affidavit of Harold E. Stiles, shows that he was an attorney at law of Gary, that he had been acquainted with James A. Sweeney for many years, that on or about April 10, 1924, he accompanied Sweeney

and a gentleman introduced to him as Nick Lamick from Gary to Crown Point and return; that Lamick could speak the English language, and that he talked to him about his case and heard said Sweeney talking to him, all of which conversations were carried on in the English language.

The counter affidavit of Floyd S. Draper states that he was a deputy prosecuting attorney employed in the Lake Criminal Court, that he was present when the appellant appeared in person and by his attorney waived arraignment and pleaded guilty, that the attorney for defendant requested the court to suspend prison sentence, that he stated to the court what facts the state was in position to prove concerning the defendant's guilt, and that the court intimated that the prison sentence could not be suspended, that no request was then made for permission to withdraw the plea of guilty, that during all of said time defendant was present in open court, and that at no time did it appear that the services of an interpreter were necessary or proper.

1. Where it appears that the defendant, on arraignment upon an indictment or affidavit charging him with a felony, voluntarily enters as his plea to such indictment or affidavit that he is guilty as therein charged, his subsequent application to the court for leave to withdraw such plea is addressed to the sound discretion of the trial court; and, unless there appears an abuse of such discretion, the Supreme Court will not interfere with its exercise. *Conover* v. *State* (1882), 86 Ind. 99, 101; *Myers* v. *State* (1888), 115 Ind. 554, 558; *Monahan* v. *State* (1893), 135 Ind. 216, 218; *Dobosky* v. *State* (1915), 183 Ind. 488, 491; *Atkinson* v. *State* (1920), 190 Ind. 1, 6; *Rowe* v. *State* (1921), 191 Ind. 536, 133 N. E. 2; *Carr* v. *State* (1924), 194 Ind. 162, 142 N. E. 378; *Blackburn* v. *State* (1924), 145 N. E. (Ind.) 486.

Lamick v. State—196 Ind. 71.

The denial of an application to withdraw a plea of guilty will generally be sustained on appeal, where the record discloses no ground for the application or where it appears that the ruling was based on conflicting evidence, which the court was compelled to weigh to reach a conclusion, *Dobosky* v. *State, supra; Rowe* v. *State, supra.*

2.

Appellant's supporting affidavit states that he entered a plea of guilty under the belief that he would receive a light jail sentence. It is not claimed by him that this belief was induced by any statement or act of the judge or the deputy prosecuting attorney; and his attorney states upon oath that defendant entered a plea of guilty knowing what the sentence would be. It was held in *People* v. *Manriquez* (1922), 188 Cal. 602, 206 Pac. 63, 20 A. L. R. 1441, that if one believed that by pleading guilty his punishment would be lighter than would otherwise be inflicted, that would be no ground for the exercise of discretion in permitting withdrawal of the plea when the belief proved to be unfounded. And in *Monahan* v. *State, supra,* this court said: "We can not adopt a rule that pleas of guilty may stand where the punishment pleases the criminal, but may not stand if he is displeased and will deny the guilt he has already confessed." Although appellant stated otherwise, there was proof from the counter affidavits that he could speak the English language, that the seriousness of the offense with which he was charged and the penalty therefor had been explained to him, that he had been informed that he could have trial by jury if desired, and that no interpreter was necessary. And appellant did not claim in his supporting affidavit that he had a good and meritorious defense to the charge upon which he was being prosecuted. The evidence was conflicting and the court relied upon the counter affidavits rather than the affidavit of appellant. We hold

that in denying appellant's motion, the court did not abuse its discretion.

Judgment affirmed.