CHARLES LEE RILEY *v.* STATE OF INDIANA.

[No. 1271S346. Filed April 7, 1972. Rehearing denied June 22, 1972.]

*I.*

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HUNTER, J.—This is an appeal by Charles Lee Riley from a judgment in the Marion Criminal Court, Division Two, convicting him of the crimes of Voluntary Manslaughter and Violation of the 1935 Firearms Act. On December 30, 1970, the appellant was indicted for First Degree Murder. Upon arraignment, appellant entered a plea of not guilty. A Suggestion of Insanity was filed on April 1, 1971, and after an examination by two court appointed physicians it was re-

ported that in the opinion of the examining physicians, the appellant was of sound mind at the time of the alleged offense and at the time of the examination. On April 28, 1971, the appellant entered a formal Plea of Insanity, and his request for the appointment of a physician of his own choice was granted. On June 8, 1971, the physician reported that in his opinion, the appellant was of sound mind. On June 14, 1971, the State filed Count Two which charged appellant with Violation of the 1935 Firearms Act, at which time the appellant requested to withdraw his former plea of not guilty to Count One and to enter a plea of guilty to the lesser offense of Voluntary Manslaughter and to Count Two for Violation of the Firearms Act. The State consented to appellant's request, and a hearing was conducted in accordance with CR. 10. At the conclusion of the proceedings, appellant's motion was granted and he was found guilty on both counts. Sentencing was set for July 9, 1971.

Appellant, by letter bearing a postmark of June 17, 1971, then requested that he be permitted to withdraw his plea of guilty and to enter a plea of not guilty. He further requested a new attorney, a speedy trial and a change of venue. On July 9, 1971, the trial court ruled on appellant's request as follows:

"[T]he Court having interrogated this defendant fully and closely under Rule 10 of the Supreme Court, on June 14, 1971, at which time a jury was in court—in the jury room—available for trial, and the defendant having, at said time, fully expressed a desire, willingly and voluntarily, to plead guilty herein, and expressed the statement that he was satisfied with his attorney of record and would not raise the question of incompetency of counsel, and being fully advised, under said Rule 10, as to his right by jury, the Court now overrules the requests contained in said letter."

Appellant was then sentenced to the Indiana Reformatory for a determinate period of ten (10) years. Appellant's Motion to Correct Errors was overruled, and this appeal followed.

On appeal, appellant contends that his guilty plea of June 14, 1971, was not entered knowingly, voluntarily and intelligently as he was under a tremendous amount of stress due to his long confinement in jail and his fear of being found guilty of First Degree Murder. Therefore, he argues, the request to withdraw his plea should have been granted.

The general rule in Indiana is that a motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court. See, *Thacker* v. *State* (1970), 254 Ind. 665, 262 N. E. 2d 189; *Hathaway* v. *State* (1968), 251 Ind. 374, 241 N. E. 2d 240; *Mahoney* v. *State* (1925), 197 Ind. 335, 149 N. E. 444. A trial court's ruling disallowing the withdrawal of a plea will not be disturbed on appeal unless it can be established that the trial court clearly abused its discretion. *Hathaway* v. *State, supra; Polomskey* v. *State* (1943), 221 Ind. 6, 46 N. E. 2d 201. Furthermore, this Court, on appeal, will indulge a presumption in favor of the trial court's ruling. *Thacker* v. *State, supra; Lamick* v. *State* (1925), 196 Ind. 71, 147 N. E. 139.

CR. 10 provides, in pertinent part, as follows:

> "Whenever upon arraignment a plea of guilty to an indictment or affidavit charging a felony is accepted from any defendant, who on the date of arraignment or on a later day is sentenced upon said plea, the judge shall cause the court reporter to record the entire proceedings. . . . Thereafter in any proceeding questioning the validity of such arraignment, plea of guilty or judgment rendered thereon, such transcript shall be taken and considered as the record of the proceedings transcribed therein. . . ."

The hearing conducted July 14, 1971, in which the appellant entered his plea of guilty, was conducted in full accordance with CR. 10. The record of the proceedings reveals that appellant was fully advised of his constitutional rights. Appellant acknowledged that his legal counsel was competent to his satisfaction, and that no threats or promises had been made to him so as to induce them to plead guilty. Evidence

on both counts was introduced, and it was sufficient to support the finding of guilty. Three days later, however, appellant asserted that he was under tremendous emotional strain due to the fear of a possible finding of guilty on the First Degree Murder charge.

Appellant contends that his reasons for requesting to withdraw his plea of guilty are uncontroverted and therefore the rule set forth in *Goff* v. *State* (1960), 240 Ind. 267, 163 N. E. 2d 888, should apply. In *Goff* v. *State, supra,* the Court stated:

> "The appellant before sentence, orally moved to withdraw his plea of guilty and after sentencing filed a verified written motion to withdraw the plea of guilty. *Where it can be reasonably construed that when the plea of guilty was entered the appellant was ignorant of a plain constitutional right, of which he would have taken advantage had he been properly advised, then the appellant should be allowed to withdraw the plea of guilty* and enter a plea of not guilty. *Atkinson* v. *State* (1920), 190 Ind. 1, 7, 128 N. E. 433.
>
> Where an accused having entered a plea of guilty on being arraigned, subsequently desires to withdraw the plea, the proper method is by a verified motion and service on the Prosecuting Attorney. The above procedure was followed in this case. Where there is an abuse of discretion, the court, on appeal, will review the ruling even where the application for leave to withdraw the plea is made after judgment. *A verified plea, uncontroverted, that the guilty plea was not made understandingly or freely, should be granted.* 'No harm could have resulted to society or to the State by permitting a withdrawal by appellant of the plea of guilty and to allow him to plead not guilty. . . .' *Dobosky* v. *State* (1915), 183 Ind. 488, 492, 109 N. E. 742." 240 Ind. at 271, 272, 163 N. E. 2d at 890. (our emphasis)

In *Goff,* the appellant alleged that he had not been advised of his right to confer with counsel prior to entering his plea of guilty. This allegation was uncontroverted. In the case at bar, however, appellant's allegation that his plea was not knowingly and intelligently entered is in direct conflict with his testimony at the June 14, 1971, proceedings. Therefore, the rule set forth in *Goff* v. *State, supra,* is inapplicable.

Appellant's bare allegation that he was under emotional strain is not supported by any other evidence. Shortly before the hearing appellant was examined by three physicians all of whom reported that he was of sound mind and competent to assist his attorney at trial. Furthermore, even if we accept appellant's allegation that he was motivated by fear, it has been held that a plea of guilty is not invalid merely because it was entered to avoid the possibility of the death penalty. See, *Brady* v. *United States* (1970), 397 U. S. 742. Therefore, this Court is of the opinion that the trial court did not abuse its discretion in overruling appellant's request to withdraw his plea of guilty. To hold otherwise would be to seriously undermine the effectiveness of our entire plea bargaining procedure.

For all of the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C. J., Givan and DeBruler, JJ., concur; Prentice, J., concurs in result.

NOTE.—Reported in 280 N. E. 2d 815.