JEFFREY JOHN HAVER *v.* STATE OF INDIANA.

[No. 2-973A202. Filed October 31, 1974. Rehearing denied December 9, 1974. Transfer denied February 18, 1975.]

*Belle Turner Choate,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

WHITE, J.—Defendant Haver appeals from the trial court's denial of his petition for leave to withdraw his plea of guilty to possession of less than twenty-five grams of marijuana. Finding no abuse of discretion, we affirm.

Defendant's initial plea was "not guilty". Thereafter his attorney talked several times with the prosecuting attorney who eventually offered that, if defendant would plead guilty, he would stipulate that the quantity of marijuana involved was less than twenty-five grams and would recommend to the court that the sentence be six-months confinement, *suspended,* and a fine of $100.00. Thereafter, the defendant and his attorney met with the prosecutor prior to a court hearing on whether defendant should be permitted to withdraw his plea of not guilty and enter a plea of guilty. At that hearing the prosecutor did what he had promised to do. He stipulated that less than twenty-five grams of marijuana was involved and recommended a six-months suspended sentence and a $100.00 fine. But when sentence was pronounced at a later date, the court declined to suspend execution of the six-months imprisonment. Thereafter the defendant filed his petition to withdraw his guilty plea. The basis of the petition is its allegations that the prosecuting attorney gave the defendant and his attorney assurances which induced his plea and that those assurances were not realized. Specifically, the petition alleged (in Paragraph 9) that the prosecutor "represented to counsel and defendant that the Judge . . . almost always followed his recommendations as to sentencing." And, further, that the executed sentence imposed "was contrary to the sentence which defendant and his counsel believed he would receive when they relied on the representations of the Prosecuting Attorney. . . ."

After the court set the petition for hearing the prosecuting attorney filed a verified answer in which he admitted meeting

with defendant and defendant's counsel but "further says that at no time did he make any representation to the Defendant or to the Defendant's counsel as to what action the Trial Court would take on his recommendation and that the undersigned did recommend, pursuant to his agreement, that the Court consider a suspended sentence in this matter. . . ."

At the hearing it was stipulated that both the defendant's petition and the prosecutor's answer should be considered by the court as though they were admitted into evidence. The only sworn witness who took the stand was the defendant who testified that the sentence he received was not the sentence he "reasonably expected". He also testified that the prosecutor recommended to the court the sentence he promised to recommend. Also, that just prior to the guilty plea hearing, the prosecutor made to defendant, "recommendations about the probability of such sentence being imposed", and that he relied on those recommendations. But he never did say what those "recommendations" were.

When the prosecutor, in his closing argument, pointed out the absence of such testimony defendant's attorney rebutted by asserting that the specific assurance relied on is set forth in paragraph (9) of the petition to withdraw which, as we have noted, is "that the Judge . . . almost always followed his [the prosecutor's] recommendations."

Defendant also testified on cross-examination that the prosecutor had told him he could not be given any absolute assurance as to what action the judge would take. He also acknowledged that immediately prior to his pleading guilty, the court advised him he could not speculate or guess as to what action the court might take on a guilty plea.

The court took the matter under advisement and three days later handed down an order denying the petition to withdraw the guilty plea. Among the findings included in the entry of that order is "that the defendant's plea of guilty was freely and understandingly made, without any threats

or promises being made to him, except the Prosecuting Attorney's recommendation that the defendant herein be given a suspended sentence, which recommendation was made to the court in final argument on the date when the plea of guilty was entered and accepted by the Court."

Appellant's argument before us ignores that finding and is based on the contrary premise that his guilty plea was "induced by the Prosecuting Attorney's representations that a suspended sentence will be received." But the obvious defect in that argument is that there is little or no evidence to support the premise on which it is based. On the other hand the trial court's contrary finding is fully supported by the evidence. This distinguishes the case at bar from *Dube* v. *State* (1971), 257 Ind. 398, 406, 275 N.E.2d 7, 11, 27 Ind. Dec. 600, 607, in which the court noted that "[t]he evidence . . . indicates Dube's plea of guilty was tainted by assurances that the judge always went along with the prosecutor's recommendations thus making the voluntariness of his plea highly questionable."

The case at bar is more nearly analogous to the later case of *Riley* v. *State* (1972), 258 Ind. 303, 280 N.E.2d 815, 30 Ind. Dec. 187, in which "[a]ppellant's bare allegation . . . [of a reason his guilty plea was not voluntary] is not supported by any other evidence." (280 N.E.2d at 818.) That appeal was rejected for want of a showing that the trial court abused its discretion in denying leave to withdraw the guilty plea, pursuant to:

> "The general rule in Indiana . . . that a motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court. See *Thacker* v. *State* (1970), 254 Ind. 665, 262 N.E.2d 189; *Hathaway* v. *State* (1968), 251 Ind. 374, 241 N.E.2d 240; *Mahoney* v. *State* (1925), 197 Ind. 335, 149 N.E. 444. A trial court's ruling disallowing the withdrawal of a plea will not be disturbed on appeal unless it can be established that the trial court clearly abused its discretion. *Hathaway* v. *State, supra; Polomskey* v. *State* (1943), 221 Ind. 6, 46 N.E.2d 201. Furthermore, this Court, on appeal, will indulge a presumption in favor of the trial

court's ruling. *Thacker* v. *State, supra; Lamick* v. *State* (1925), 196 Ind. 71, 147 N.E. 139." (280 N.E.2d at 817.)

Since there is here no showing of abuse of discretion, the appellant has failed to overcome the presumption in favor of the trial court's ruling.

The judgment is affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 317 N.E.2d 884.