THEO K. GROSS *v.* STATE OF INDIANA.

[No. 2-1074A240. Filed December 22, 1975.]

*Harriette Bailey Conn*, Public Defender of Indiana, *Carr L. Darden, Sr.*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Walter F. Lockhart*, Deputy Attorney General, for appellee.

STATON, P.J.—Theo K. Gross's petition for post-conviction relief was denied. He had entered a plea of guilty with the expectation of receiving a one to ten year suspended sentence for theft. Instead, he received a one to ten year sentence with no suspension. His appeal from the denial of his post-conviction relief petition raises these issues:

I. Was his guilty plea knowingly and intelligently entered?

II. Did the trial court abuse its discretion?

III. Did Gross receive effective assistance of counsel?

Our opinion affirms the trial court's judgment which denied Gross's post-conviction relief petition.

## I.

### Guilty Plea

On appeal, Gross contends that his guilty plea was not knowingly and intelligently entered because he had been assured by his attorney that he would receive a suspended sentence. Gross had the burden of proof at his post-conviction relief hearing. The right to

relief may be established by a preponderance of the evidence. Indiana Rules of Procedure, Post-Conviction Remedy Rule 1, § 5. See also IC 1971, 35-4.1-1-6(e) (Burns Code Ed.). Upon review of the denial of post-conviction relief upon this issue, we may not weigh the evidence nor judge the credibility of the witnesses. *Perkins* v. *State* (1975), 263 Ind. 270, 329 N.E.2d 572. We may consider only the evidence most favorable to the State, and it is only when the evidence is without conflict and leads to but one reasonable conclusion and the trier of fact reached a contrary conclusion, that the decision will be reversed as being contrary to law. *Barron* v. *State* (1975), 164 Ind. App. 638, 330 N.E.2d 141; *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499.

The State made a recommendation for a one to ten year sentence suspended and a five year probationary period. The trial court advised Gross that there was no guarantee that a suspended sentence would be given and that the trial court was not bound by the prosecutor's recommendation. Gross and his wife testified that their attorney had advised them that the trial court was not bound by the plea bargain. Certainly, the mere expectation of a lesser sentence does not make a guilty plea involuntary. *Dube* v. *State* (1971), 257 Ind. 398, 275 N.E.2d 7; see *Brady* v. *United States* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747. There is no evidence in this case of promises or threats which induce the guilty plea. *See Machibroda* v. *United States* (1962), 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; *Watson* v. *State* (1973), 261 Ind. 97, 300 N.E.2d 354; *Dube* v. *State, supra.* The prosecutor performed his part of the plea bargain. If the trial court gives a more severe sentence than recommended by the prosecutor, the guilty plea does not become involuntary.[1] *See Haver* v. *State* (1974), 162 Ind. App. 93, 317 N.E.2d 884.

---

1. In 1975, the Indiana Legislature passed IC 1971, 35-5-6-2 (Burns Code Ed. 1975 Supp.) which now requires the trial court to advise the

## II.

### Abuse of Discretion

After the State made its recommendation in accordance with the plea bargain, the trial court learned through a police officer that Gross had not made a "clean-up statement" as he had promised under the plea bargain.[2] The prosecutor had fully complied with his promises made under the plea bargaining agreement. *See Santobello* v. *New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427; IC 1971, 35-4.1-1-6(c)(4) (Burns Code Ed.).[3] We have examined the record, and we find no abuse of discretion on the part of the trial court when it did not *sua sponte* allow Gross to withdraw his guilty plea.

---

defendant if he will accept the prosecutor's sentencing recommendation prior to the acceptance of defendant's guilty plea:

"(a) No recommendation may be made by the prosecutor to a court on a felony charge except (1) in writing, and (2) before the defendant enters a plea of guilty. The recommendation shall be shown as filed, and, if its contents indicate that the prosecutor anticipates that the defendant intends to enter a plea of guilty to a felony charge, the court shall order the presentence report required by IC 1971, 35-4.1-4-9 and may hear evidence on the recommendation.

"(b) Neither the content of the recommendation, the presentence report nor the hearing shall be a part of the official record of the case unless the court approves the recommendation. If the recommendation is not accepted, the court shall reject the same before the case may be tried. If the court rejects the recommendation, subsequent recommendations may be filed with the court, subject to the same requirements this chapter [35-5-6-1—35-5-6-3] imposes upon the initial recommendation. If the court accepts a recommendation, it shall be bound by its terms."

Hopefully, strict adherence to the requirements of IC 1971, 35-5-6-2 by trial courts will considerably reduce the number of post-conviction relief petitions and appeals asserting the right to withdrawal of petitioner's guilty plea because of promises regarding sentencing.

2. See the American Bar Association Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 1.8 (1968) listing several considerations which are appropriate for the trial court to consider in determining whether granting sentencing concessions serves the public interest in the administration of justice.

3. *Santobello* v. *New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 leaves it to the discretion of the state court to either specifically enforce the prosecution's part of the plea bargain or allow withdrawal of defendant's guilty plea. However, pursuant to IC 1971, 35-4.1-1-6(c)(4), the trial court must allow petitioner to withdraw his guilty plea upon failure of the prosecutor to abide by the terms of a plea agreement if this relief is sought by petitioner.

## III.

### Competent Counsel

Gross's final contention of error is that he did not receive effective assistance of counsel because his counsel did not familiarize himself with the "clean-up statement" requirement and because he did not request that Gross be allowed to withdraw his guilty plea when he received an executed sentence. A guilty plea is not voluntarily, intelligently, and knowingly entered if the defendant has been denied competent counsel. *Harmer* v. *State* (1975), 165 Ind. App. 468, 332 N.E.2d 815. However, there is a presumption that a defense counsel has fully discharged his duty until there is some showing that his conduct made a mockery of justice. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686; *Haddock* v. *State* (1973), 260 Ind. 593, 298 N.E.2d 418; *Barron* v. *State* (1975), 164 Ind. App. 638, 330 N.E.2d 141.

Gross's defense counsel expressed surprise at the sentencing hearing that the "clean-up statement" had not been given. Nevertheless, he attempted to mitigate Gross's noncompliance with the plea bargain. As to whose responsibility it was to see that the "clean-up statement" was given, the evidence is conflicting. There was no motion to withdraw the guilty plea. Defense counsel may have considered any such motion a useless act. *See Haver* v. *State*, *supra*. We have carefully examined the record, and we find no evidence of incompetency on the part of Gross's defense counsel.

Judgment affirmed.

Hoffman, J., and Garrard, J., concur.

NOTE.—Reported at 338 N.E.2d 663.