DENNIS RAY CAPPS *v.* STATE OF INDIANA.

[No. 777S474. Filed July 6, 1978.]

*Leroy K. New,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Jack R. O'Neill,* Deputy Attorney General, for appellee.

DeBruler, J.—Dennis Capps was charged with first degree murder, Ind. Code § 35-13-4-1 (Burns 1975) repealed October 1, 1977. Prior to trial he filed an application for change of venue from the county, which was denied. Following trial by jury, he was convicted of second degree murder, Ind. Code § 35-1-54-1 (Burns 1975) repealed October 1, 1977, and was sentenced to life imprisonment.

On appeal Capps contends that as a criminal defendant not charged with a crime punishable by death, he was denied equal protection and due process of law in that his request for a change of venue from the county was subject to a hearing

and discretionary ruling by the trial court by Ind. R.Crim. P. 12, while Ind. R.Tr. P. 76 grants an automatic change from the county to defendants in civil cases, simply upon the filing of an application therefor.

Appellant concedes that he is not as a defendant in a criminal matter a member of a judicially recognized "suspect" class, but contends that we should nevertheless apply the test of strict scrutiny because the added burden cast on criminal defendants by Criminal Rule 12 infringes a fundamental right, i.e., the right to a trial by an impartial jury. We are, of course, bound to accept the general grant of jury trial for serious offenses in the Sixth Amendment as a fundamental right. *Duncan* v. *Louisiana,* (1968) 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. This Court in *Sidle* v. *Majors,* (1976) 264 Ind. 206, 341 N.E.2d 763, defined fundamental rights for equal protection purposes as "those which have their origin in the express terms of the constitution or which are necessarily to be implied from those terms." The right to a change of venue is not equivalent to the general grant of jury trial and is not found expressly in or necessarily implied from the terms of our constitutions. The right to a change of venue is adjunct to the main right to trial by jury and, like voir dire examination of prospective jurors and the peremptory challenge, is one of several avenues open to the accused to vindicate his interest in being fairly tried. However, while the role is important it does not require the use of the more rigorous equal protection test. *Martin* v. *State,* (1974) 262 Ind. 232, 317 N.E.2d 430, (rehearing). See *Groppi* v. *Wisconsin,* (1971) 400 U.S. 505, 91 S.Ct. 490, 27 L.Ed.2d 571. Moreover, the accused who seeks a change of venue from the county does so because he perceives that he will benefit thereby. The rule of court subjects such perceptions to close judicial examination and an ultimate determination by the trial judge, subject to appeal, but there is nothing in such requirements which subjects the right to a trial before an impartial jury to a risk of loss or diminution.

We are, therefore, satisfied that we are not dealing here with an infringement of a basic, fundamental right and that the traditional standard for evaluating appellant's claim is appropriate.

Under the traditional equal protection test, the rule of court is clothed with a presumption of constitutionality and the disparate treatment of two classes will pass muster if there is a differential trait of the classes which is reasonably related to the purposes of the rule. *Martin* v. *State, supra.* The change of venue from the county is available to the parties in a civil case and to the defendant in a criminal case. The procedure for moving the trial to a different county is governed in the case of the criminal case by Criminal Rule 12, and such procedure in the case of the civil case is governed by Trial Rule 76. The procedure to be followed by the civil litigant is less burdensome in that a motion therefor must be granted if timely filed and there is no requirement of a hearing. The automatic change procedure in its present form in civil cases first came into being by rule of this Court; however, no such change has been wrought in the rule governing change of venue in criminal matters, and there is reason for this. In Indiana there exists a strong preference in the law for the conduct of the trial of criminal charges in the county in which the criminal offense took place. Such preference is expressly manifest in the language of Article 1, section 13 of the Indiana Constitution, and in Ind. Code § 35-1.1-2-1 (Burns 1975). As a consequence of this preference, for example, the State has no right to a change of venue from the county. *Blume, Kissinger* v. *State,* (1963) 244 Ind. 121, 189 N.E.2d 568. No such strong venue preference exists in the area of civil litigation. A civil action may be filed in any county in the State subject to removal of those counties enumerated in Trial Rule 75(A) as counties of preferred venue. Moreover, as a practical matter, conducting the trial in the vicinity of the offense will in the majority of criminal cases facilitate the production of witnesses for trial

and in their protection while testifying. It would also be of aid to the State in safely keeping the accused and in maintaining courtroom security. These interests amply support the close judicial control of the exercise of the right to move the trial of the criminal charge away from the county in which the offense occurred. There are, we find, reasonable bases for the distinction in the two changes of venue procedures and hold that appellant has not been denied equal protection or due process of law.

## II.

Appellant's contention that Criminal Rule 12 deprives appellant of a substantive right again confuses the procedural mechanism, the change of venue with the underlying right served by the mechanism, a fair trial before an impartial jury. There is no merit to this contention.

Appellant's conviction is affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 377 N.E.2d 1338.