Sidney B. W. FLOWERS, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 780S215.

Supreme Court of Indiana.

June 11, 1981.

Harriette Bailey Conn, Public Defender, Carr L. Darden, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. The petitioner had previously entered a guilty plea to the charge of inflicting injury during the commission of a robbery, Ind. Code § 35–13–4–6 (Burns 1975). He was originally sentenced to a term of sixteen years but the sentence was later reduced to thirteen years. His petition now raises the following issues:

1. Whether the plea of guilty was knowingly, intelligently and voluntarily entered since it was allegedly induced by a promise of leniency; and

2. Whether the trial court erred by conducting a sentencing reduction hearing when petitioner was not represented by counsel.

The facts from the record show that petitioner and a co-defendant, James Guthrie, were charged by information with the instant crime on November 1, 1977. The incident underlying these charges occurred in January of 1977 when petitioner, Guthrie and a third accomplice, Gordon Armour, shot a man during a robbery. Armour was charged in a separate information and received a sentence of thirteen years. Petitioner alleges that Armour was the one who had the gun and actually shot the victim.

Between November 14, 1977, and July 21, 1978, numerous pretrial conferences were held and eventually the state and the petitioner entered into a written plea agreement. The plea agreement specifically stated that the prosecutor was not to make any recommendation as to the sentence to be imposed on petitioner. The guilty plea hearing and sentencing hearing took place on July 21, 1978. The trial court carefully informed petitioner of his constitutional rights. The court also determined through both the oral and written representations of the petitioner that there had been no promise of leniency made with respect to the sentencing and that petitioner understood he could be sentenced to as much as thirty years for his part in the crime. The court accepted petitioner's guilty plea and sentenced him to a term of sixteen years. Immediately after the sentencing, petitioner's counsel expressed surprise and stated that he understood that petitioner was not to receive a greater sentence than his accomplice, Armour, who had received thirteen years.

On October 4, 1978, petitioner's counsel filed a petition for reduction of sentence. The court set a hearing on this petition for November 1, 1978, but on that date and by agreement of the parties the hearing was reset for November 8, 1978. On that date, the hearing was held with petitioner present but without his counsel present. His sentence was modified to thirteen years.

I.

Defendant first contends that his guilty plea was not voluntary because it was induced by a promise of leniency. He claims that his attorney promised that he would

receive a sentence less than the sentence received by his accomplice, Armour, who received thirteen years.

It is uncontroverted by defendant that the trial court advised him of his constitutional rights as required by our statute, Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.). *Garcia v. State*, (1979) Ind., 391 N.E.2d 604; *Laird v. State*, (1979) Ind., 385 N.E.2d 452. However, he argues that the trial court did not comply with Ind.Code § 35–4.1–1–4(a) (Burns 1979 Repl.) which states:

> "The court shall not accept a plea of guilty without first personally addressing the defendant and determining that the plea is voluntary. The court shall address the defendant and determine whether any promises, force or threats were used to obtain the plea."

■ We find no merit to defendant's contention. It is clear that the mere expectation of receiving a lesser sentence is not sufficient to make the plea involuntary. *Brady v. United States*, (1970) 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; *Dube v. State*, (1971) 257 Ind. 398, 275 N.E.2d 7; *Gross v. State*, (1975) 167 Ind.App. 318, 338 N.E.2d 663. Here the written plea agreement clearly stated that the prosecutor would make no recommendation to the court as to the length of the sentence the court should impose. The court informed defendant that he could be sentenced to as much as thirty years in prison without violating the agreement. The court had the following exchange with defendant and his co-defendant, Guthrie:

> COURT: "Are either of you entering this plea because of any threats or promises that have been made to you?"
> MR. FLOWERS: "No, sir."
> MR. GUTHRIE: "No, sir."
> COURT: "Do either of you have any questions with respect to what you're doing here today or any of your rights?"
> MR. FLOWERS: "No, sir."
> MR. GUTHRIE: "No, sir."
> COURT: "Mr. Guthrie, is this your free and voluntary act?"
> MR. GUTHRIE: "Yes, sir."
> COURT: "Mr. Flowers, is this your free and voluntary act?"

> MR. FLOWERS: "Yes, sir."

Thus, the record clearly shows that there was no suggestion about leniency of sentencing presented to the court at the time of the plea bargain hearing.

After the court accepted the guilty pleas of defendant and Guthrie, he sentenced them each to sixteen years in prison. Immediately after sentencing, defendant's attorney expressed to the trial court that it was his understanding, regardless of the prosecutor's position of making no recommendation as to sentencing, that his client would definitely not receive a greater sentence than the third accomplice, Armour. Defendant's sentence was subsequently modified to thirteen years.

■ It is well settled that in post-conviction proceedings the burden of proof rests with the petitioner to establish his grounds to relief by a preponderance of the evidence. Ind.R.P.C. 1 § 5; *Laird v. State*, (1979) Ind., 385 N.E.2d 452; *Davis v. State*, (1975) 263 Ind. 327, 330 N.E.2d 738. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. His decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Cottingham v. State*, (1978) 269 Ind. 261, 379 N.E.2d 984.

The record in this case shows that the trial court specifically asked petitioner whether any promises had been made to him and received a negative answer. No recommendation was made by the prosecutor to the court regarding sentencing and there was no mention by anyone of any possible agreement between the prosecutor and the petitioner or his counsel. This case is clearly distinguishable from those cases in which evidence that a definite promise had been made was before a court during a guilty plea hearing. *Watson v. State*, (1973) 261 Ind. 97, 300 N.E.2d 354; *Dube v. State, supra.*

■ In this case, there was no evidence of any promises or threats being made to

induce the guilty plea. In fact, there was a specific written statement that the state made *no* recommendation regarding sentencing. As we pointed out above, the mere expectation of a lesser sentence does not make a guilty plea involuntary. We find no error in the trial court's determination that petitioner's guilty plea was knowingly and voluntarily given.

## II.

 The petitioner further contends that the trial court erred by conducting his sentencing reduction hearing without his counsel being present. The trial court modified petitioner's sentence to thirteen years pursuant to Ind.Code § 35–4.1–4–18 (35–50–1A–18 Burns 1979 Repl.) which states in pertinent part:

"The court, within one hundred eighty [180] days after it imposes a sentence, and after a hearing at which the convicted person is present and of which the prosecuting attorney has been notified, may reduce or suspend the sentence . . . ."

It is clear that only the "convicted person" is required to be present for a modification of sentence under this statute. The action was not a correction of an erroneous sentence which would be governed by Ind.Code § 35–4.1–4–17 (35–50–1A–17 Burns 1979 Repl.) and which would require the presence of both the convicted person and his counsel.

In this case, the original sentencing took place on July 21, 1978. After a petition for reduction of sentence on behalf of petitioner was filed in October, the trial court scheduled a sentence modification hearing for November 1, 1978. Petitioner's attorney was not present on November 1, 1978, and the hearing was continued to November 8, 1978, by agreement of the parties. Petitioner's attorney was still not present on November 8, 1978, so the trial court went ahead with the hearing and modified the sixteen-year sentence to one of thirteen years.

We find no error here, since the trial court correctly followed all the requirements of the applicable statute and petitioner has not shown how he was harmed in any way by the trial court's action. Petitioner was given the same thirteen-year sentence which each of his co-defendants received.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.