**Thomas WALKER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1–1182A337.

Court of Appeals of Indiana, First District.

Sept. 26, 1983.

Rehearing Denied Oct. 26, 1983.

**426**

Frank G. Kramer, Ewbank, Meyer & Kramer, Lawrenceburg, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Thomas Walker appeals the verdict convicting him of driving under the influence, Ind.Code 9–4–1–54(b). Walker was tried by a jury in the Dearborn County Court on November 15, 1982.

We affirm.

The facts disclose Walker was arrested for driving while intoxicated and driving left of center on June 14, 1982. A police officer observed Walker make a wide turn on a particular street in Aurora and cross the center line. The officer stopped Walker and noticed the odor of alcohol. Walker was escorted to the Aurora police station, where he was given a breathalyzer examination and dexterity test. The results of the breathalyzer examination revealed Walker had a blood-alcohol level of .12% and he failed three of the four dexterity tests.

The jury found Walker guilty of driving under the influence, but acquitted him on driving left of center. The trial court sentenced Walker to ten days in jail which was suspended, a $500 fine and costs, suspended him from operating a motor vehicle for sixty days, and placed him on probation.

Walker alleges the trial court violated his right to equal protection as guaranteed by the fourteenth amendment of the United States Constitution and violated his sixth amendment right to a fair and impartial trial by imposing a harsher sentence because he exercised his right to a jury trial. Walker alleges prosecutorial misconduct occurred during the State's final argument. Walker also challenges the sufficiency of the evidence to support the verdict and asserts he is entitled to a new trial because of newly discovered evidence.

Walker alleges the prosecutor's final argument constituted misconduct. The prosecutor began his rebuttal argument by stating:

Ladies and gentlemen, if you buy that reasoning, you're ignoring the law of the State of Indiana. And each one of you told me this morning that you follow the law as the Judge gives it to you.

At this point, Walker's attorney objected to this argument, noting that the jury could find Walker not guilty and still follow the law. Although Walker did not move for an admonishment, the trial court stated:

Upon the objection made, the Court is aware that each side tries to sway the jury as to a particular verdict in this matter and would be concerned that the jury listen to the instructions and apply the law as stated by the Court in this case.

Walker argues that the prosecutor's statement denied his right to a fair trial.

It is well settled that the conduct of final argument as well as the course of the trial lies within the sound discretion of the trial court. *Whitacre v. State,* (1980) Ind., 412 N.E.2d 1202. Final instructions are presumed to correct any misstatement of the law made during final argument, *Atkins v. State,* (1982) Ind.App., 437 N.E.2d

114. Moreover, it is presumed that an admonishment is sufficient to cure any prejudice that might have attached to a defendant because of a statement by the prosecutor during closing argument, unless it appears that such prejudice is so severe that it places the defendant in grave peril. *Johnson v. State*, (1982) Ind., 435 N.E.2d 242.

We remain unpersuaded that if Walker suffered prejudice, it was sufficient to place him in grave peril. The trial court's statement, although it was not an admonishment, certainly informed the jury that it would instruct them about the law. The trial court did not abuse its discretion in overruling Walker's objection.

Walker argues that the evidence was insufficient to support his conviction of driving under the influence. In considering a claim of insufficiency of the evidence, the reviewing tribunal will not weigh the evidence nor judge the credibility of witnesses. Rather we look to the evidence most favorable to the State, and the reasonable inferences that may be drawn therefrom. If this evidence and those inferences provide substantial evidence to support the elements of the offense, the verdict will not be disturbed. *Wiles v. State*, (1982) Ind. 437 N.E.2d 35. The evidence at trial established Walker smelled of alcohol when he was stopped, he was unable to successfully complete dexterity tests, his blood alcohol level was .12%, and he admitted that he had been drinking. Walker's argument is an invitation to reweigh the evidence, which we must decline. The evidence is sufficient to support the verdict.

Walker also alleges he is entitled to a new trial on the basis of newly discovered evidence. Walker was convicted on November 15, 1982. The December, 1982, issue of the *American Bar Association Journal* contained an article warning of possible defects in model 900A Smith and Wesson Company breathalyzer machines. The thrust of the article indicated that this model may give false and inaccurate readings when it is operated within close proximity of transistor radios, walkie-talkies, or other radio wave sources. The machine which tested Walker was this particular model.

Newly discovered evidence as a basis for a new trial is viewed with disfavor and a denial of the motion to correct errors regarding such a claim, will only be reversed for an abuse of discretion. *Pedigo v. State*, (1982) Ind.App., 443 N.E.2d 347. A new trial based on a claim of newly discovered evidence is authorized by Ind.Rules of Procedure, Trial Rule 59(A)(6). In order to gain such relief, the evidence must meet a nine part test:

(1) That the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced on a retrial of the case; and (9) that it will probably produce a different result.

*Wiles v. State, supra,* at 38.

Walker argues that he could not have discovered evidence of possible defects since the article was published after his trial. While Walker could not have discovered this evidence prior to trial, he has not demonstrated he is entitled to a new trial. The article indicated this particular model of breathalyzer machine has a 5% chance of being affected by radio interference. Thus, the evidence would merely impeach the breathalyzer test results of Walker. Impeaching evidence is not available as grounds for a new trial under the rules concerning newly discovered evidence. *Pedigo v. State, supra.* Furthermore, it is unlikely this evidence would produce a different result in a new trial in light of the other evidence previously discussed regarding the sufficiency issue.

The final issue Walker raises concerns the sentence imposed by the trial court. Walker received a $500 fine, was ordered to attend an alcohol education program, and he was suspended from operating a motor vehicle within the state for sixty days as his sentence on his first offense. Walker ar-

gues the trial court violated the equal protection clause of the fourteenth amendment to the Constitution as well as his rights to a fair and impartial trial as guaranteed by the sixth amendment and the Indiana Constitution. Walker alleges the trial court violated his constitutional rights by imposing a harsher sentence on him than on other first time offenders because he chose to exercise his right to a jury trial.

Walker supported this allegation in his motion to correct errors with an affidavit which listed the last twenty-nine driving under the influence cases on the Dearborn County Court docket. The affidavit indicates the trial judge ordered a fine ten times greater than fines in non-jury cases under similar facts. Walker has also included an article from a local newspaper which credited trial judge Harlan Hoffman with ordering stiffer penalties in another driving under the influence case because the trial court has more expenses and work where the defendant chooses a jury trial. Walker contends such sentencing practices denied him the right to a fair and impartial trial. He also argues these sentencing practices constitute an arbitrary and unreasonable classification in violation of the equal protection clause.

■■■■ The general grant of a jury trial for serious offenses in the sixth amendment is a fundamental right. *Capps v. State,* (1978) 268 Ind. 614, 377 N.E.2d 1338. The constitutional right to a jury trial may be enlarged, but not diminished, by statute. *Owens v. State ex rel. Vannatta,* (1978) 178 Ind.App. 406, 382 N.E.2d 1312. It is well settled that any jury system is composed of many discrete practices which may vary from forum to forum without violating sixth amendment guarantees. However, where a State's practice presents a threat to the substance of the jury trial guarantee, the practice must be struck down. *Johnson v. Duckworth,* 650 F.2d 122 (7th Cir.1981).

■■■■ The sentence Walker received was well within the parameters of Ind.Code 9–4–1–54(c). Indiana recognizes the practice of plea bargaining. *Moulder v. State,* (1972) 154 Ind.App. 248, 289 N.E.2d 522.

The offer of a reduced charge or sentence recommendation, where there is a legitimate basis for the greater alternative, is a legitimate bargaining tool of the State, *Holmes v. State,* (1980) Ind., 398 N.E.2d 1279, and the mere expectation of receiving a lesser sentence is not sufficient to make a guilty plea involuntary. *Flowers v. State,* (1981) Ind., 421 N.E.2d 632. In reviewing sentences, we will not adjust a sentence authorized by statute unless it is manifestly unreasonable in light of the offense and the character of the offender. A sentence is not manifestly unreasonable if any reasonable person could find the sentence to be appropriate to the particular offense and offender. *Bish v. State,* (1981) Ind., 421 N.E.2d 608.

■■■■ It is well settled that to punish a person for exercising a constitutional right is "a due process violation of the most basic sort." *Bordenkircher v. Hayes,* (1978) 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604. Moreover, it is constitutionally impermissible for a trial court to impose a more severe sentence because the defendant has chosen to stand trial rather than plead guilty. *Commonwealth v. Bethea,* (1977) 474 Pa. 571, 379 A.2d 102. It is also clear that under appropriate circumstances, a defendant may receive a more severe sentence following his trial than he would receive had he pleaded guilty because the trial may reveal more adverse information about him than was previously known. However, a court may not impose a sentence that conflicts with a defendant's exercise of his constitutional right to a jury trial. *In Re Lewallen,* (1979) 23 Cal.3d 274, 152 Cal.Rptr. 528, 590 P.2d 383.

■■■■ In the instant case, Walker has presented statistical evidence indicative of a possible constitutional violation. However, the statistics do not reveal whether the defendants other than Walker received more lenient treatment based upon plea bargains. Although the newspaper article credited trial judge Harlan Hoffman with a statement which would clearly constitute an impermissible infringement on a fundamen-

tal right, there is no evidence of record to show the trial court imposed Walker's sentence pursuant to that rationale. Furthermore, there is no appropriate method for this court to determine whether the trial judge was misquoted. Walker seeks relief which would force this court to deviate from its function as an appellate tribunal to become a fact-finder. Without evidence establishing that the trial court violated Walker's constitutional rights, we cannot conclude that the sentence is manifestly unreasonable.

Judgment affirmed.

RATLIFF and NEAL, JJ., concur.