**Edwin E. HUSK, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 1–984A228.**

Court of Appeals of Indiana,
First District.

April 9, 1985.

Rehearing Denied May 23, 1985.

Charles L. Berger, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Edwin Husk appeals from a judgment of the Vanderburgh Superior Court finding him guilty of operating a motor vehicle while intoxicated, a Class A misdemeanor.

We affirm.

On July 4, 1983, Deputy Sheriff Randall Korff investigated an accident at the intersection of Petersburg Road and Highway 57, where a car carrying eleven passengers had run into an embankment. Edwin Husk identified himself as the driver. Husk stated that he had been drinking, was not paying attention and ran off the road. The deputy detected a moderate odor of alcohol on Husk's breath and observed that Husk was unsure of his balance. Additionally, Husk failed the finger-to-nose sobriety test. At the Evansville Police Department, Husk was given a breath test on an intoxilyzer machine. The breath sample tested at .11% alcoholic content.

Husk was prosecuted by the State of Indiana under IND.CODE § 9–4–1–54(b) (1982). He was found guilty of operating a motor vehicle while intoxicated and was sentenced to the Indiana Department of Corrections for a period of one year. The sentence was suspended, and Husk was placed on probation.

Husk raises two issues on appeal: whether the trial court erred in admitting into evidence the results of the intoxilyzer test and whether the court erred in denying Husk's motion for judgment on the evidence.

ISSUE ONE:

■ Husk contends that the results of the intoxilyzer test should have been suppressed, because the Department of Toxicology had not promulgated regulations for intoxilyzer devices at the time the test was administered. An intoxilyzer machine uses infrared energy, instead of chemicals, to quantitate the amount of alcohol in a breath sample. Under IND.CODE § 9–4–4.5–2 (1982), an intoxilyzer test is a breathalizer test: a test "of the breath by a person using techniques and equipment ap-

proved by the Department of Toxicology of the Indiana University School of Medicine".

Although Husk concedes that an intoxilyzer test is a breathalyzer test, he argues that the regulations in effect in July, 1983, did not encompass non-chemical methods of analyzing breath samples. Husk's argument is unavailing. The Department of Toxicology had issued regulations generally applicable to chemical tests. *See, e.g.,* 260 I.A.C. 1–1–1 (1979) (selection of chemical test operators); *id.* 1–1–2 (training of chemical test operators); *id.* 1–1–3 (certification of chemical test operators); *id.* 1–2–1 (inspection of chemical test devices). One such regulation contained the following language: "Chemicals (*if required*) shall be of sufficient strength and quality to cause the test device to operate in a manner that meets the accuracy standards". *Id.* 1–2–1 (emphasis added). Thus, the Department of Toxicology contemplated the existence of chemical test devices which would not require chemicals.

IND.CODE § 9–4–4.5–2 provides further support for the proposition that the term "chemical test" is not confined to chemical methods of analysis. That statute defines a chemical test as "an analysis of the breath, blood, urine, or other bodily substance for the determination of the presence of alcohol or a controlled substance". Therefore, the intoxilyzer test constitutes a chemical test although no chemicals are required. The regulations generally applicable to chemical tests encompassed the intoxilyzer test. The results of the test, as administered to Husk, were properly admitted.

ISSUE TWO:

Husk asserts that the trial court erred in denying his motion for judgment on the evidence, because there was insufficient evidence to support the judgment of the court. When reviewing the sufficiency of the evidence, a court of appeals will neither weigh the evidence nor assess the credibility of witnesses. The reviewing court will consider the evidence most favorable to the State and all reasonable inferences which may be drawn from such evidence. If there is substantial evidence of probative value on each element of the offense, the judgment will not be disturbed. *Walker v. State,* (1983) Ind.App., 454 N.E.2d 425, 428.

Husk challenges the judgment of conviction because there was insufficient evidence that intoxication resulted in serious bodily injury to another person. Yet causation is not an element of the offense for which Husk was convicted. The pertinent statute provides:

A person who operates a vehicle while intoxicated commits a Class A misdemeanor. However, the offense is a Class C felony if it results in the death of another person and is a Class D felony if: ... the offense results in serious bodily injury ..., other than death, to another person.

IND.CODE § 9–4–1–54(b) (1982).

The trial court found that Husk committed a Class A misdemeanor, driving while intoxicated. The evidence at trial established that there was a moderate odor of alcohol on Husk's breath, that he was unable to successfully complete dexterity tests, that his blood alcohol level was .11%, and that he admitted he had been drinking. The evidence was sufficient to support a judgment of conviction for operating a vehicle while intoxicated, a Class A misdemeanor. *See, Walker v. State, supra.*

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.