Weslie **HOLLINGSWORTH,**
Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 90A02–9810–CR–849.

Court of Appeals of Indiana.

Oct. 13, 1999.

Transfer Denied Dec. 15, 1999.

Susan K. Carpenter, Public Defender of Indiana, Lorraine L. Rodts, Deputy Public Defender, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

### OPINION

RILEY, Judge

#### *STATEMENT OF THE CASE*

Appellant–Defendant Weslie A. Hollingsworth (Hollingsworth) appeals his conviction for operating a motor vehicle while driving privileges are suspended, a Class D felony. Ind.Code § 9–30–10–16.

We affirm.

#### *ISSUE*

Hollingsworth raises one issue for our review which we restate as whether the trial court properly denied Hollingsworth's motion to withdraw his guilty plea of operating a motor vehicle while privileges are suspended under Ind.Code § 9–30–10–16, when his license had been suspended as an habitual traffic offender under the repealed statute Ind.Code § 9–12–2–1 et seq.

#### *FACTS AND PROCEDURAL HISTORY*

On November 16, 1987, the Indiana Bureau of Motor Vehicles (BMV) determined that Hollingsworth had been operating a motor vehicle as an habitual traffic offender and suspended his driving privileges until November 16, 1997. On or about November 25, 1993, Hollingsworth was involved in a traffic accident, and the State charged him with operating a motor vehicle after a finding of habitual traffic offender.

Pursuant to a plea agreement, Hollingsworth pled guilty to operating a motor vehicle while his license was suspended and admitted to driving the car involved in the accident. Hollingsworth also admitted that at the time of the accident, his driving privileges were suspended under Ind.Code § 9–12–2 because the BMV found him to be an habitual traffic offender. The trial court determined that Hollingsworth's guilty plea was made knowingly, voluntarily, and intelligently.

Before sentencing, Hollingsworth moved to withdraw his guilty plea. Hollingsworth argued that he could not be convicted under the current statute because his privileges were forfeited under a section of the Indiana Code that had since been repealed. The trial court denied his motion and Hollingsworth now appeals.

## DISCUSSION AND DECISION

■ Hollingsworth argues that the State could not convict him of operating a vehicle while privileges are suspended under Ind.Code § 9–30–10–16, because the statutory language did not provide for his conviction. Specifically, Hollingsworth contends that because his driving privileges had not been suspended under either Ind.Code § 9–30–10 or Ind.Code § 9–12–3, the trial court created a manifest injustice by denying his motion to withdraw his guilty plea for operating a motor vehicle while his driving privileges were suspended. We disagree.

■ Like sentencing, whether or not to allow a defendant to withdraw a guilty plea is within the sound discretion of the trial court. *Trueblood v. State*, 587 N.E.2d 105 (Ind.1992). The trial court may refuse to allow a defendant to withdraw a guilty plea if the defendant fails to show it would result in manifest injustice. *Flowers v. State*, 528 N.E.2d 57 (Ind.1988); Ind.Code § 35–35–1–4(b). The ruling of the trial court is reviewable only for abuse of discretion. *Trueblood*, 587 N.E.2d 105; Ind. Code § 35–35–1–4(b). Finally, there is a presumption in favor of the trial court's ruling. *Riley v. State*, 258 Ind. 303, 280 N.E.2d 815, 817 (1972); *Bewley v. State*, 572 N.E.2d 541 (Ind.Ct.App.1991).

We conclude that in this case, the trial court exercised appropriate discretion in denying Hollingsworth's request to withdraw his guilty plea. Hollingsworth argues that the statute under which his driving privileges were suspended was Ind. Code § 9–12–2. Ind.Code § 9–12–3–1 (now recodified as Ind.Code § 9–30–10–16), provided that a person who operated a motor vehicle while his driving privileges were suspended under Ind.Code § 9–12–2 or in violation of restrictions imposed under Ind.Code § 9–12–2, committed a Class D felony. *State v. McGill*, 622 N.E.2d 239, 240 (Ind.Ct.App.1993).

In 1991, the legislature enacted P.L. 2–1991, which codified, revised, and rearranged laws concerning motor vehicles. It added the present I.C. 9–30 and repealed I.C. 9–12. In 1993, the legislature again revised Ind.Code § 9–30–10–16 which now provides, in relevant part:

Sec. 16. (a) A person who operates a motor vehicle:

(1) while the person's driving privileges are suspended under this chapter or IND. CODE 9–12–3 (repealed July 1, 1991); or

(2) in violation of restrictions imposed under this chapter or IND. CODE 9–12–3 (repealed July 1, 1991);

commits a Class D felony.

However, Hollingsworth's driving privileges were not suspended under Ind.Code § 9–30–10 or Ind.Code § 9–12–3 as the statute expressly requires. Instead, his driving privileges were suspended under Ind.Code § 9–12–2. Thus, Hollingsworth claims that he did not violate Ind.Code § 9–30–10–16 because that section applies expressly and exclusively to individuals who drive after their driving privileges are suspended under Ind.Code § 9–30–10 or Ind.Code § 9–12–3. Essentially, Hollingsworth contends that at the time he committed the offense of driving after his driving privileges were suspended, he could not be found guilty of violating Ind.Code § 9–30–10–16 without proof of a suspension or restriction imposed under Ind. code § 9–30–10 or Ind.Code § 9–12–3.

■ At his guilty plea hearing, Hollingsworth pled guilty to Count I: operating a motor vehicle after finding of habitual traffic offender under Ind.Code § 9–30–10–16 (formerly Ind.Code § 9–12–3–1). The trial court determined that Hollingsworth's guilty plea was made knowingly, voluntarily, and intelligently because Hollingsworth also admitted that at the time of his arrest, his driving privileges were suspended under Ind.Code § 9–12–2 and that he had been adjudged an habitual traffic offender. Therefore, Hollingsworth pled guilty to the offense, understanding that he could be convicted of a violation of Ind.Code § 9–

30–10–16, even though his driving privileges were not suspended under § 9–12–3, but instead were suspended under the repealed § 9–12–2. To support a conviction for a § 9–30–10–16 offense, the State must demonstrate that the defendant operated a motor vehicle while the defendant's driving privileges were suspended and that the defendant knew or should have known that those privileges had been suspended as a result of having been determined to be an habitual traffic offender. *Morphew v. State*, 672 N.E.2d 461, 463 (Ind.Ct.App. 1996).

Furthermore, notwithstanding Hollingsworth's valid guilty plea, we find that the uncodified savings clause in the 1993 enactment permits prosecutions under Ind. Code § 9–30–10–16 based on convictions under the repealed statute.

The savings clause, P.L. 1–1993, § 253 provides:

(a) This act is intended to resolve technical conflicts among acts enacted by the general assembly and to correct other technical errors. This act is not intended to change the effective date of any statute or otherwise result in any substantive change in the law.

(b) This act does not affect any:

(1) rights or liabilities accrued ...

(2) penalties incurred;

(3) violations committed; or

(4) proceedings begun;

before the effective date of this act. Those rights, liabilities, penalties, offenses, and proceedings continue and shall be imposed and enforced under prior law as if this act had not been enacted.

(c) A reference in any statute or rule to a statute that is repealed and replaced in the same or a different form in this act shall be treated after the effective date of the new provision as a reference to the new provision.

In this case, section (a) of the savings clause states the purpose of the act is to clarify any technical errors and is not intended to create any substantive changes in the law. As shown above, Ind.Code § 9–12–3–1 and Ind.Code § 9–30–10–16 are restatements of each other. Section (c) of the savings clause explicitly addresses statutes which refer to a repealed and replaced statute. The savings clause requires that a reference to a statute that is repealed and replaced in the same or different form "shall be treated ... as a reference to the new provision." We find the savings clause to be adequate. The repealed statute § 9–12–3–1 and § 9–30–10–16 are virtually identical. While section (a) of the savings clause provides for the substance of the repealed statute to continue uninterrupted, section (c) requires that references to other statutes in the repealed sections be treated as references to the new provision. Therefore, the trial court properly denied Hollingsworth's motion to withdraw his guilty plea.

Affirmed.

ROBB, J. and DARDEN, J., concur.